

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-12-00179-CR

Dale **FULMER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 11-1320-CR
Honorable W.C. Kirkendall, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  March 20, 2013

AFFIRMED AS MODIFIED

### BACKGROUND

Dale Wayne Fulmer was indicted for the offense of continuous sexual abuse of a child under the age of fourteen.  TEX. PENAL CODE ANN. § 21.02 (West 2011).  The indictment charged Fulmer with committing two or more acts of sexual abuse against a child younger than fourteen, namely by aggravated sexual assault and indecency with the child.  The indictment did not specify the county in which the acts occurred.  At trial, the jury heard testimony that Fulmer committed three acts of sexual abuse in Guadalupe County, in January or February of 2011,

"Marchish" of 2011, and April 13–14, 2011, as well as other acts of sexual abuse in Comal County in August 2010, Harris County in March 2011, and Hays County on April 13, 2011. The jury charge only referenced the continuous acts in Guadalupe County. The jury convicted Fulmer of the offense of continuous sexual abuse of a child under the age of fourteen and assessed punishment at life imprisonment.

On appeal, Fulmer raises five issues: (1) the statute under which he was convicted violates constitutional and statutory requirements of a unanimous jury verdict in felony cases, and denies him due process and due course of law; (2) the statute prohibiting parole violates state and federal constitutional equal protection guarantees; (3) the trial court erred in beginning voir dire outside of Fulmer's presence; (4) the trial court erred in permitting the jury to consider other sexual abuse incidents that occurred in counties other than Guadalupe County; and (5) the trial court erred in its assessment of attorney's fees.

## TEXAS PENAL CODE SECTION 21.02

In his first point of error, Fulmer argues that section 21.02 of the Texas Penal Code violates the constitutional and statutory requirements of a unanimous jury verdict in felony cases, and denies him due process and due course of law.

### A. Standard of Review

We review the constitutionality of a criminal statute de novo. *Byrne v. State*, 358 S.W.3d 745, 748 (Tex. App.—San Antonio 2011, no pet.). The burden of establishing unconstitutionality is on the individual challenging the statute. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). We presume the statute is constitutional and that "the Legislature has not acted unreasonably or arbitrarily." *Id.*; *Byrne*, 358 S.W.3d at 748.

**B. Requirements for Conviction under Texas Penal Code Section 21.02**

To convict a defendant for continuous sexual abuse of a young child, the jury must find that (1) the defendant committed "two or more acts of sexual abuse" during a period of thirty or more days; and (2) at the time of each act of sexual abuse, the defendant was "17 years of age or older and the victim is a child younger than 14 years of age." *See* TEX. PENAL CODE ANN. § 21.02(b)(1)–(2). Acts of sexual abuse include indecency with a child under section 21.11(a)(1) and aggravated sexual assault under section 22.021. *Id.* § 21.02(c)(2), (c)(4). Jurors need not unanimously agree on which specific acts of sexual abuse the defendant committed or the exact dates those acts were committed. *Id.* § 21.02(d). "The jury must agree unanimously that the defendant, during a period that is 30 or more days in duration, committed two or more acts of sexual abuse." *Id.* Accordingly, the jury was instructed that it was to convict if it found beyond a reasonable doubt that, *inter alia*, Fulmer committed two or more acts of sexual abuse during this period.

**C. Components of Jury Unanimity Analysis**

Jury unanimity analysis consists of two components: (1) statutory construction, and (2) due process. *Jacobsen v. State*, 325 S.W.3d 733, 736–37 (Tex. App.—Austin 2010, no pet.).

*1. Statutory Construction*

Taken together, article five, section thirteen of the Texas Constitution and article 36.29(a) of the Texas Code of Criminal Procedure require a unanimous verdict in felony cases. TEX. CONST. art. V, § 13; TEX. CODE CRIM. PROC. ANN. art. 36.29(a) (West 2011). Each juror must agree the defendant committed each element of the crime, but need not agree on the "'underlying brute facts'" that make up the "manner and means" by which the defendant committed the crime. *Ngo v. State*, 175 S.W.3d 738, 747, 751 n.49 (Tex. Crim. App. 2005) (quoting *Richardson v. United States*, 526 U.S. 813, 817 (1999)). Thus, under the statutory construction component of

jury unanimity analysis, the court must determine, "[u]nder the statute as written, what acts are elements of the offense and what acts are merely underlying facts or means? What, in short, did the legislature intend for the jury to be unanimous about?" *Jacobsen*, 325 S.W.3d at 736.

2. *Due Process*

Although "[t]he Legislature has considerable discretion in defining crimes and the manner in which those crimes can be committed," the Due Process Clause of the United States Constitution and the Texas Constitution's Due Course of Law provision limit this broad discretion. *Landrian v. State*, 268 S.W.3d 532, 536 (Tex. Crim. App. 2008); *see* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19.

The Texas Constitution provides that no citizen "shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised except by the due course of the law of the land." TEX. CONST. art. I, § 19. The Due Process Clause of the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV. This clause "limits a state's power to define crimes in ways that would permit juries to convict while disagreeing about means, at least where that definition risks serious unfairness and lacks support in history or tradition." *Jacobsen*, 325 S.W.3d at 736–37. In addition, it prohibits states from convicting "anyone under a charge of 'Crime' so generic that any combination of jury findings . . . would suffice for conviction." *Schad v. Arizona*, 501 U.S. 624, 633 (1991). Because we regard the term "due course" in the Texas Constitution and "due process" in the United States Constitution "without meaningful distinction," we address Fulmer's arguments as to both together. *See Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 929 (Tex. 1995).

**D. Statutory Construction Analysis**

Fulmer asserts the statute permits a non-unanimous verdict by allowing the jury to convict by merely finding the defendant committed any two acts. Thus, under the statutory construction prong of jury unanimity analysis, we must determine whether the specific acts of sexual abuse are elements of the offense or are merely the manner and means by which the offense of continuous sexual abuse of a child was committed. *See Jacobsen*, 325 S.W.3d at 736.

Several Texas appellate courts have addressed this issue, and in each instance section 21.02 was held to be constitutional. *See Martin v. State*, 335 S.W.3d 867, 872–73 (Tex. App.—Austin 2011, pet. ref'd), *cert. denied*, 133 S. Ct. 645; *see also Casey v. State*, 349 S.W.3d 825, 829–30 (Tex. App.—El Paso 2011, pet. ref'd); *Jacobsen*, 325 S.W.3d at 739; *Render v. State*, 316 S.W.3d 846, 857–58 (Tex. App.—Dallas 2010, pet. ref'd). Specifically, these courts explained that

> it is the commission of two or more acts of sexual abuse over the specified time period—that is, the pattern of behavior or the series of acts—that is the actus reus element of the offense as to which the jurors must be unanimous in order to convict. The individual acts of sexual abuse that make up this pattern of behavior or series of acts are not themselves elements of the offense, but are merely evidentiary facts, the manner and means by which the actus reus element is committed. When there is evidence of more than two acts of abuse over the specified time period, section 21.02(d) makes it clear that the jurors need not agree as to which individual acts were committed so long as they agree that the defendant committed at least two.

*Jacobsen*, 325 S.W.3d at 737; *accord Casey*, 349 S.W.3d at 829; *Martin*, 335 S.W.3d at 872–73; *Render*, 316 S.W.3d at 857–58.[1] Thus, Texas intermediate courts have routinely held that the

---

[1] Fulmer acknowledges these decisions. However, he argues that those courts erred in "characterizing the 'two or more acts' to be proven as manner and means of committing the offense, instead of as elements of the offense, or separate and distinct offenses." Fulmer urges this court to instead consider the Hawaii Supreme Court's decision in *State v. Rabago*, in which the court struck down as unconstitutional an analogous continuous sexual abuse statute. *See State v. Rabago*, 81 P.3d 1151 (Haw. 2003). In *Martin v. State*, the Third Court of Appeals addressed this precise argument. *See Martin*, 335 S.W.3d at 872–73; *see also Kennedy v. State*, 385 S.W.3d 729, 732 n.6 (Tex. App.—Amarillo 2012, no pet.); *Henry v. State*, No. 08-11-00221-CR, 2013 WL 173329, at *4 (Tex. App.—El Paso 2013, no pet. h.) (not designated for publication). There, the court respectfully disagreed with the *Rabago* opinion insofar as it was inconsistent with *Jacobsen*, and found, consistent with its opinion in *Jacobsen*, that section 21.02

individual acts of sexual abuse are manner and means, not an element of the offense, and section 21.02 does not violate the jury unanimity requirement. *See Jacobsen*, 325 S.W.3d at 737; *see also Casey*, 349 S.W.3d at 829; *Martin*, 335 S.W.3d at 872–73; *Render*, 316 S.W.3d at 857–58.

Here, the defendant was charged with the offense of continuous sexual abuse of a young child. This offense consists of the following elements: (1) "two or more acts of sexual abuse" (2) during a period of thirty or more days; (3) by a defendant who was at least seventeen years old at the time of each act of sexual abuse; and (4) a victim who is a child younger than fourteen years old. TEX. PENAL CODE ANN. § 21.02(b). Indecency with a child and aggravated sexual assault, as charged by the indictment, are alternative methods, or the "manner and means," of committing the element of "two or more acts of sexual abuse." *See Jacobsen*, 325 S.W.3d at 737; *Render*, 316 S.W.3d at 857. Therefore, unanimity was required only as to a finding that Fulmer committed two or more acts of sexual abuse—not as to which specific acts he committed. *See Casey*, 349 S.W.3d at 829–30; *Martin*, 335 S.W.3d at 872–73; *Jacobsen*, 325 S.W.3d at 736, 739; *Render*, 316 S.W.3d at 857.

## E. Due Process and Due Course of Law Analysis

Fulmer argues that "because the two underlying predicate offenses of specific acts of abuse are not merely manner and means, or alternative methods of committing a single offense," section 21.02 permits conviction under a charge "so generic that any combination of jury findings . . . would suffice for conviction."

As discussed herein, Texas law is clear that "[t]he individual acts of sexual abuse . . . are not themselves elements of the offense, but are merely evidentiary facts, the manner and means by which the actus reus element is committed." *See Jacobsen*, 325 S.W.3d at 737; *see also*

---

did not violate the jury unanimity requirement. *Martin*, 335 S.W.3d at 872–73. We agree with the Third Court of Appeals.

*Casey*, 349 S.W.3d at 829; *Martin*, 335 S.W.3d at 872–73. In addition, it is well settled that "section 21.02 does not violate due process by permitting a conviction based on a jury's unanimous finding that the defendant engaged in a course of conduct consisting of repeated acts of sexual abuse, but without requiring jury unanimity as to the individual acts that made up that course of conduct." *See Martin*, 335 S.W.3d at 872 (discussing *Jacobsen*, 325 S.W.3d at 739). Because section 21.02(d) requires that jurors unanimously agree as to the means, but does not require unanimity as to which specific acts were committed, we conclude section 21.02 does not violate due process or due course of law. *See id.* at 872–73; *see also Casey*, 349 S.W.3d at 829–30; *Jacobsen*, 325 S.W.3d at 739; *Render*, 316 S.W.3d at 857.

## F. Conclusion

We agree with the great weight of authority in Texas that the individual acts of sexual abuse are the manner and means by which the element of "two or more acts of sexual abuse" is committed, and not elements in and of themselves. *See Jacobsen*, 325 S.W.3d at 737; *see also Casey*, 349 S.W.3d at 829; *Martin*, 335 S.W.3d at 872–73; *Render*, 316 S.W.3d at 857. Because the charge in this case required the jury to, consistent with section 21.02(d), unanimously agree that Fulmer committed two or more acts of sexual abuse, Fulmer's constitutional and statutory rights to a unanimous jury verdict were not violated, nor was he denied due process or due course of law. *See Jacobsen*, 325 S.W.3d at 739. Accordingly, we overrule Fulmer's point of error on this issue. *See Rodriguez*, 93 S.W.3d at 69.

## GOVERNMENT CODE SECTION 508.145

In his second point of error, Fulmer asks us to determine whether Texas Government Code section 508.145 violates the equal protection guarantees of the state and federal constitutions. *See* TEX. GOV'T CODE ANN. § 508.145 (West 2012); *cf.* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 3.

We review the constitutionality of a criminal statute de novo. *Byrne*, 358 S.W.3d at 748. The individual challenging the constitutionality of the statute bears the burden of establishing unconstitutionality. *Rodriguez*, 93 S.W.3d at 69. We presume the statute is constitutional and that "the Legislature has not acted unreasonably or arbitrarily." *Id.*; *Byrne*, 358 S.W.3d at 748. Because Fulmer does not allege that persons convicted under penal code section 21.02 are a suspect class, or that parole eligibility is a fundamental right, "we review section 508.145(a) to determine whether it is rationally related to a legitimate governmental purpose." *See Martin*, 335 S.W.3d at 878; *Black v. State*, 26 S.W.3d 895, 896 (Tex. Crim. App. 2000).

Under Texas Government Code section 508.145, an inmate serving a sentence for an offense under section 21.02 of the Texas Penal code is ineligible for parole. TEX. GOV'T CODE ANN. § 508.145(a); *Martin*, 335 S.W.3d at 878. Fulmer argues this statute is unconstitutional because it denies parole eligibility to persons convicted of continuous sexual abuse of a child under age fourteen, but does not deny parole to persons convicted of multiple, specific acts of abuse against a child under fourteen. *See* TEX. GOV'T CODE ANN. § 508.145(a). He complains there is no rational basis for this arbitrary distinction.

The Third Court of Appeals addressed this precise argument in *Martin*. *See Martin*, 335 S.W.3d at 878–79. There, the court concluded that

> the legislature could rationally conclude that persons who have manifested such a pattern of sexually abusive behavior are particularly dangerous and should be ineligible for parole, while continuing to allow parole for those persons found guilty of individual sex offenses against young children. It is true, of course, that this statutory distinction is not perfect. A person who engages in a pattern of sexually abusive behavior that would constitute an offense under section 21.02 may nevertheless be tried and convicted only for one or more of the underlying offenses and thereby remain eligible for parole. But in determining whether a statute is rationally related to a legitimate governmental purpose, courts must be deferential to legislative determinations and may invalidate the statute only if it draws a distinction that simply makes no sense.

*Id.* at 879.

We agree with the Third Court of Appeals that the legislature could rationally conclude that persons convicted of continuous sexual abuse of a child are "particularly dangerous" and should be singled out for parole ineligibility. *See id.* Therefore, we conclude that section 508.145(a)'s denial of parole eligibility to inmates serving sentences for an offense under section 21.02 of the Texas Penal Code is rationally related to a legitimate governmental purpose. *See* TEX. GOV'T CODE ANN. § 508.145(a); *Martin*, 335 S.W.3d at 879; *Black*, 26 S.W.3d at 896. Accordingly, we overrule this point of error.

DEFENDANT'S ABSENCE DURING VOIR DIRE

In his third point of error, Fulmer contends the trial court committed harmful constitutional error by permitting the commencement of voir dire in his absence.

## A. Defendant's Statutory and Constitutional Right to be Physically Present at Trial

In all felony prosecutions, Texas law requires the defendant's personal presence at trial, except "when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury." TEX. CODE CRIM. PROC. ANN. art. 33.03 (West 2006). "[W]ithin the scope of the right of confrontation is the absolute requirement that a criminal defendant who is threatened with loss of liberty be physically present at all phases of proceedings against him, absent a waiver of that right through defendant's own conduct." *Baltierra v. State*, 586 S.W.2d 553, 556 (Tex. Crim. App. 1979) (citation omitted); *see* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10.

The time at which a trial begins is critically important to the defendant's right to be physically present.

> Generally, when prospective jurors are initially summoned, they are assembled in a general jury pool or general assembly. Members of the general assembly are qualified on their ability to serve and exemptions and excuses are heard and ruled on by the judge presiding over the general assembly. Prospective jurors who are not disqualified, exempt, or excused are divided into trial panels and sent to the

- 9 -

individual courts trying the cases. At that point, attorney voir dire will result in the jury that will ultimately hear the case. The general assembly portion of jury selection is not considered part of "the trial" and therefore the accused is not entitled to be present.

*Jasper v. State*, 61 S.W.3d 413, 422–23 (Tex. Crim. App. 2001) (citations omitted). However, when "the trial judge assigned to preside over appellant's trial appears to have functioned as a general assembly judge over prospective jurors *already assigned to appellant's specific case*," we assume the trial has commenced "at the time of the exemptions, excuses and qualifications." *Id.* at 423. In this situation, it is "statutory and constitutional error for the trial court to proceed with the excuses and qualifications in [the defendant's] absence." *Id.*

## B. Fulmer Was Entitled to be Present

The proceeding at issue in this case was the qualification, exemptions, and personal excuses of the potential jurors. During the jury docket call on the day Fulmer's trial began, the court called for announcements from four defendants in criminal cases. Fulmer was the fourth and final to be called; the first three announced not ready. After Fulmer announced ready, the trial court stated that "[i]t looks like Mr. Fulmer is the one we're going to try." When the juror qualification proceeding began, Fulmer's trial attorney informed the court that her client was not in the courtroom. The court responded that Fulmer did not need to be present for juror qualifications and continued the proceeding outside Fulmer's presence.[2]

Fulmer's case was the only case that proceeded to trial that day. The trial judge functioned as a general assembly judge over prospective jurors assigned, albeit by default, to Fulmer's case. *See id.* at 422–23. Therefore, Fulmer's trial commenced when the prospective

---

[2] The State asserts that this dialogue was insufficient to preserve error for appeal. An objecting party is not required to say any "magic words"; rather, to preserve a complaint, all that is required is that the party conveys the substance of the complaint to the trial judge. *Bennett v. State*, 235 S.W.3d 241, 243 (Tex. Crim. App. 2007). Here, it is clear that Fulmer's counsel conveyed the substance of the complaint—that Fulmer was absent from the courtroom—to the trial judge and the trial judge decided to go forward with the proceedings in his absence. Therefore, Fulmer's complaint was properly preserved. *See id.*

jurors were seated in the courtroom. *See Yanez v. State*, 677 S.W.2d 62, 67 (Tex. Crim. App. 1984).

Once the juror qualification process commenced in Fulmer's absence, his constitutional and statutory right to be physically present was violated. Accordingly, by conducting the qualifications, exemptions, and excuses portion of the trial in his absence, the trial court committed constitutional error. *See* TEX. CODE CRIM. PROC. ANN. art. 33.03; *see also* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Jasper*, 61 S.W.3d at 422–23. Our analysis does not stop here. We must further conduct a constitutional harm analysis. TEX. R. APP. P. 44.2(a).

### C. Constitutional Harm Analysis

Fulmer asserts that he was harmed because he received a life sentence—the maximum punishment—and that when a defendant's liberty may be taken for the rest of his life, which occurred in this case, he is constitutionally entitled to be present. The State responds that error, if any, was harmless at best because "a short absence from voir dire would have made no difference in the outcome of Appellant's trial."

In conducting a constitutional harm analysis, we must reverse the trial court's judgment of conviction unless we determine "beyond a reasonable doubt that the error did not contribute to the conviction or punishment." *Id.* In making this determination, we "'should not focus on the propriety of the outcome of the trial.'" *McCarthy v. State*, 65 S.W.3d 47, 55 (Tex. Crim. App. 2001) (quoting *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000)). Rather, we must "calculate, as nearly as possible, the probable impact of the error . . . in light of the other evidence." *Id.*

Trial courts have broad discretion to excuse potential jurors for good cause. *Jasper*, 61 S.W.3d at 424; *see* TEX. CODE CRIM. PROC. ANN. art. 35.03; TEX. GOV'T CODE ANN. 62.110 (West Supp. 2012). The trial court may not, however, excuse a prospective juror for an

economic reason unless the parties of record are present and approve of the individual's release for that reason. TEX. GOV'T CODE ANN. 62.110(c); *Jasper*, 61 S.W.3d at 424. During the proceeding at issue in this case, six prospective jurors were dismissed. Fulmer does not point to any particular prospective juror whose excusal caused him harm. *Cf. Jasper*, 61 S.W.3d at 424. Moreover, the record does not indicate the length of Fulmer's absence, only that he was not in the courtroom at the beginning of qualifications and exemptions, and that he was present and introduced to the panel members before the attorneys began voir dire questioning. In addition, Fulmer's counsel was present during the proceedings and lodged no objections to the trial court's eligibility determinations. Therefore, even assuming Fulmer was absent for the entire qualification, exemption, and excusal proceeding, we conclude beyond a reasonable doubt that Fulmer's absence in this case did not contribute to his conviction or punishment. *See* TEX. R. APP. P. 44.2(a); *Jasper*, 61 S.W.3d at 423–24. Accordingly, we overrule this point of error.

### INCIDENTS OUTSIDE OF GUADALUPE COUNTY

In his fourth point of error, Fulmer contends the trial court erred in allowing the jury to consider incidents outside of Guadalupe County because the two underlying acts had to occur in Guadalupe County to satisfy venue.[3] He argues that although the charge limited the jury's consideration to acts occurring in Guadalupe County, the State's closing argument "vetoed" this instruction by persuading the jury to consider acts outside of Guadalupe County. Because of the State's statements, Fulmer asserts the jury could have convicted him only on non-Guadalupe County acts.

---

[3] The State contends that venue is proper in any county in which an element of the offense was committed. *See* TEX. CODE CRIM. PROC. ANN. art. 13.075 (specific venue statute). "Article 13.075 . . . applies only to an offense committed on or after the effective date [Sept. 1, 2011] of this act." Act of May 25, 2011, 82nd Leg., R.S., ch. 1100, § 4, 2012 Tex. Sess. Law Serv. 2845, 2846 (West) (codified at TEX. CODE CRIM. PROC. art. 13.075). The last offense testified to in this case occurred in April of 2011, which is before article 13.075's effective date; therefore, the statute is inapplicable in this case. *See id.* Therefore, the general venue statute in article 13.18 applies and venue is proper in the county in which the offense was committed. TEX. CODE CRIM. PROC. ANN. art. 13.18.

## A. Statements in State's Closing Arguments

"Before a defendant will be permitted to complain on appeal about erroneous jury argument . . . , he will have to show he objected and pursued his objection to an adverse ruling." *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). During closing arguments, one of the State's prosecutors stated

> The next thing I want to discuss with you is some allegation in the Court's Charge concerning the County in which the offense occurred. You're going to see—you heard throughout the trial, there was some testimony that some of these incidents occurred in counties other than Guadalupe County; specifically, with regard to the continuous sexual abuse of a young child charge. You have to understand this charge is a continuing offense. If it were such a case that someone could simply take an individual out of the county and commit a secondary offense in another county and they were absolved of liability, that would seem to make very little sense. So think about that in terms of your deliberations on the continuous sexual assault.

Fulmer asserts that this was erroneous and, further, that this error was repeated once more during a later portion of the State's closing argument. Fulmer acknowledges, however, that he raised no objection to these alleged erroneous arguments at trial. Therefore, inasmuch as Fulmer contends the trial court erred in permitting the prosecutor's statements during oral argument, he waived this argument by failing to object at trial. *See id.*

## B. Waiver of Venue Complaint

"An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion . . . ." TEX. R. CIV. P. 86(1). The record in this case reveals Fulmer had numerous opportunities to object to venue, but took advantage of none. The indictment charging Fulmer with continuous sexual abuse of a young child did not specify the county in which the acts were alleged to have occurred. Fulmer did not object to this omission. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005) (providing that if a defendant does not object to the indictment before the

commencement of trial on the merits, he waives the right to object to any such defect); *Teal v. State*, 230 S.W.3d 172, 176 (Tex. Crim. App. 2007). At trial, witnesses testified that Fulmer committed three acts of sexual abuse in Guadalupe County, as well as an act of sexual abuse in each of Comal, Harris, and Hays Counties. Fulmer made no objection as to testimony regarding the Comal, Harris, and Hays County incidents. Because Fulmer did not object to venue by written motion or otherwise, he waived any such objection and cannot pursue it on appeal. *See* TEX. R. CIV. P. 86(1), (3)(a); *Teal*, 230 S.W.3d at 176–77.

## C. Presumption that Jury Followed the Trial Court's Instructions

Finally, "[o]n appeal, we generally presume the jury follows the trial court's instructions in the manner presented. The presumption is refutable, but the appellant must rebut the presumption by pointing to evidence that the jury failed to follow the trial court's instructions." *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). In this case, the court's charge limited the jury's consideration to acts of sexual abuse during a period of thirty or more days that were committed in Guadalupe County. Thus, absent evidence to the contrary, we presume the jury found that at least two acts of sexual abuse occurred in Guadalupe County. *See id.*; *cf.* TEX. PENAL CODE ANN. § 21.02(b)(1). In addition to this presumption, the evidence supports such a finding because the jury heard testimony that Fulmer committed three acts of sexual abuse in Guadalupe County. Because Fulmer has not pointed to any evidence showing the jury failed to comply with the court's instructions, he failed to rebut the presumption that the jury complied with the charge. *See Thrift*, 176 S.W.3d at 224.

## D. Conclusion

The State bears the burden of proving venue by a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2011); *Sudds v. State*, 140 S.W.3d 813, 816 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Unless venue was "disputed in the trial court, or

unless the record affirmatively shows to the contrary, [we] must presume . . . venue was proved in the trial court."  TEX. R. APP. P. 44.2(c); *see* TEX. CODE CRIM. PROC. ANN. art. 13.17; *Hernandez v. State*, 198 S.W.3d 257, 268 (Tex. App.—San Antonio 2006, pet. ref'd).  In this case, Fulmer did not dispute venue in the trial court and the record does not affirmatively show the contrary.  *See* TEX. R. APP. P. 44.2(c).  Therefore, we presume the State proved venue in Guadalupe County by a preponderance of the evidence.  *See id.*; TEX. CODE CRIM. PROC. ANN. art. 13.17.  Accordingly, Fulmer's fourth point of error is overruled.

**ATTORNEY'S FEES**

In his fifth and final point, Fulmer contends the trial court erred in ordering him to pay attorney's fees.

## A.  Preservation of Error

As a preliminary matter, the State contends Fulmer failed to preserve this issue for appeal because his trial counsel made no objection to the assessment of attorney's fees.  The State's argument is analogous to that addressed by the Court of Criminal Appeals in *Mayer v. State*, 309 S.W.3d 552, 554–55 (Tex. Crim. App. 2010).  There, as in the current case, the trial court ordered appellant to pay attorney's fees and appellant made no objection in the trial court.  *See id.*  The court stated that a defendant need not object at trial to preserve for appeal a challenge to the sufficiency of the evidence supporting a trial court's order that the defendant pay court-appointed attorney's fees.  *Id.*  Therefore, Fulmer did not waive this point of error by failing to object at trial.

**B. Trial Court Erred in Ordering that Fulmer Pay Attorney's Fees**

The trial court's judgment of conviction orders that Fulmer pay court costs in the amount of $6,669.[4] The court's subsequent withdrawal notification stated that if Fulmer was unable to pay the amount, the funds would be withdrawn from his Inmate Trust Account. Fulmer complains there is insufficient evidence to support the attorney's fees portion of this order because he remains indigent and there is no evidence in the record that his financial status changed.

The procedures governing appointment of counsel for indigent defendants in criminal cases are set forth in Texas Code of Criminal Procedure article 26.04. TEX. CODE CRIM. PROC. ANN. art. 26.04 (West Supp. 2011). "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." *Id.*; *see Mayer*, 309 S.W.3d at 557. "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556.

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g). If the evidence is insufficient to support the attorney's fees, the court should modify the judgment to delete the attorney's fees. *See Mayer*, 309 S.W.3d at 555–56.

---

[4] Fulmer's Case Transaction Summary itemizes the court costs the trial court ordered him to pay: $6,000 of the total $6,669 was characterized as "court appointed attorney fees."

The record in this case reflects that Fulmer was indigent and represented by court-appointed counsel at trial. Thus, absent evidence of a material change in Fulmer's financial circumstances, we presume he remained indigent for the rest of the proceedings in the case. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04. The State does not point to any evidence that would rebut this presumption or show that a material change in Fulmer's financial circumstances occurred. *See id.*; *Mayer*, 309 S.W.3d at 557.

Because we must presume Fulmer remained indigent and the State produced no evidence or argument indicating that the trial court determined Fulmer had the financial resources to enable him to pay attorney's fees, the trial court's judgment requiring him to do so was erroneous. *See* TEX. CODE CRIM. PROC. ANN. arts. 26.04, 26.05(g). Accordingly, we modify the portion of the trial court's judgment imposing $6,669 in court costs to reduce the total court costs to the sum of $669.00 by deleting the attorney's fees in the amount of $6,000 included therein. *See Mayer*, 309 S.W.3d at 555–56.

## CONCLUSION

After reviewing de novo the constitutionality of section 21.02 of the Texas Penal Code, we conclude, consistent with the other intermediate appellate courts of this state, that this statute does not violate the constitutional and statutory requirements of a unanimous jury verdict in felony cases, or deny due process or due course of law. As to the constitutionality of section 508.145(a) of the Texas Government Code, we conclude, consistent with the Third Court of Appeals, that the statute does not violate the equal protection guarantees of the state or federal constitutions.

In addition, we conclude the trial court committed harmless constitutional error when it commenced the qualifications, exemptions, and excuses portion of Fulmer's trial outside of his presence. Moreover, Fulmer waived his complaint as to venue, and venue was proven in

- 17 -

Guadalupe County.  By failing to object, Fulmer waived any error as to the State's statements during closing arguments.

Finally, the trial court erred in its assessment of attorney's fees.  Accordingly, we modify the portion of the trial court's judgment imposing $6,669 in court costs to reduce the total court costs to the sum of $669.00 by deleting the attorney's fees in the amount of $6,000 included therein.

Patricia O. Alvarez, Justice

PUBLISH