

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00081-CR

SANTOS RODRIGUEZ, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 64th District Court
Hale County, Texas
Trial Court No. A19275-1211, Honorable Robert W. Kinkaid Jr., Presiding

April 8, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Santos Rodriguez Jr., appeals the trial court's judgment finding him guilty of the third-degree felony offense of failure to comply with sex offender registration requirements and the resulting two-year sentence of incarceration.[1] On appeal, he contends that the State failed to prove at trial that venue was proper in Hale County. We disagree and will affirm the trial court's judgment.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102(b)(2) (West Supp. 2013).

Factual and Procedural History

Appellant was convicted of sexual assault of a child in July 2005. Consequently, he was required to register as a sex offender for his lifetime and verify his registration information annually. *See* TEX. CODE CRIM. PROC. ANN. arts. 62.051, 62.058, 62.101 (West Supp. 2013). As part of his registration requirements, he was also required to report to the proper registration authority any change in his residence. *See id.* art. 62.055 (West Supp. 2013). As required, it seems appellant did properly register, verify, and update required changes for several years. However, after 2010, appellant failed to report a change in address to the registration authority and failed to verify his registration annually. During a 2012 compliance check, the Abernathy Police Department noted that appellant was not in compliance and sought out appellant. APD eventually located appellant still residing in Abernathy but in a house blocks away from his previous address. He was arrested and charged with failure to comply with sex offender registration requirements.

A Hale County jury found him guilty of the charged offense and recommended that he serve two years in prison. On appeal, he brings one point of error, contending that the State failed to prove that venue was proper in Hale County.

Applicable Law and Standard of Review

The Texas Code of Criminal Procedure specifically provides for venue in a prosecution for the failure to comply with sex offender registration requirements:

An offense under Chapter 62 may be prosecuted in:

2

(1) any county in which an element of the offense occurs;

(2) the county in which the person subject to Chapter 62 last registered, verified registration, or otherwise complied with a requirement of Chapter 62;

(3) the county in which the person required to register under Chapter 62 has indicated that the person intends to reside, regardless of whether the person establishes or attempts to establish residency in that county;

(4) any county in which the person required to register under Chapter 62 is placed under custodial arrest for an offense subsequent to the person's most recent reportable conviction or adjudication under Chapter 62; or

(5) the county in which the person required to register under Chapter 62 resides or is found by a peace officer, regardless of how long the person has been in the county or intends to stay in the county.

TEX. CODE CRIM. PROC. ANN. art. 13.31 (West Supp. 2013).

As it is not a "criminative fact," venue is not an "element of the offense" under Texas law. *Schmutz v. State*, No. PD-0530-13, 2014 Tex. Crim. App. LEXIS 121, at *10 (Tex. Crim. App. Jan. 29, 2014). An "element" is a fact that is legally required for a fact finder to convict a person of a substantive offense. *Id.*; *see Jackson v. Virginia*, 443 U.S. 307, 315, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (requiring proof beyond a reasonable doubt of "every fact necessary to constitute the crime with which he is charged").

Because venue is not an element of the offense, venue may be proved by a preponderance of the evidence rather than beyond a reasonable doubt, the burden of proof applicable to all elements of a criminal offense. *See* TEX. CODE CRIM. PROC. ANN. art. 13.17 (West 2005); *Fulmer v. State*, 401 S.W.3d 305, 317 (Tex. App.—San Antonio 2013, pet. ref'd), *cert. denied*, 134 S. Ct. 436, 187 L. Ed. 2d 293 (2013). *Schmutz* highlights at least two other distinctions between proof relating to venue and proof

relating to an element of the charged offense: (1) with respect to the remedy and rights if evidence of venue were to be found insufficient, "reprosecution should not be barred because an appellate reversal for failure to prove venue is merely a finding concerning the geographic location where the case may be tried, and it is not a finding of insufficient evidence of a required element of the offense or even a finding that the court lacked jurisdiction;" and (2) unlike elements of an offense that must be proven beyond a reasonable doubt under *Jackson*, the Texas Rules of Appellate Procedure permit appellate courts to presume that venue was proved unless venue is "disputed in the trial court" or "the record affirmatively shows the contrary." *See Schmutz*, 2014 Tex. Crim. App. LEXIS 121, at *10–11 (citing, *inter alia*, and comparing TEX. R. APP. P. 44.2(c)(1), with *Jackson*, 443 U.S. at 316).

Analysis

To reiterate the presumption under which we must operate, unless the record shows that the issue was disputed at trial or unless the record shows to the contrary, we *must* presume that venue was proved in the trial court. *See* TEX. R. APP. P. 44.2(c)(1). The record before us reveals no dispute concerning venue at trial. We, therefore, look to see if the record affirmatively shows that venue was not proved at trial. *See id.*

Here, the record is clear that appellant's earlier address on 14th Street was certainly in Hale County. We look to the exchange between Texas Department of Public Safety investigator Kim Laccase and State's counsel when examining the address listed in 2010 by appellant on his sex offender registration update form:

Q: Does that form list a physical address for Mr. Rodriguez?

4

A: It does.

Q: And what is that?

A: This one is 205 14th Street, Abernathy, Texas, 79311.

Q: Is that in Hale County?

A: Yes, ma'am. It is.

Q: And would he have been required to register in Abernathy, Texas?

A: Yes, ma'am.

The record shows that 205 14th Street is the last address with which appellant verified his registration information. This evidence certainly suggests that appellant last registered, verified, or updated in Abernathy, Hale County, Texas. *See* TEX. CODE CRIM. PROC. ANN. art. 13.31(2) (providing that venue is proper in county in which the individual last registered, verified registration, or otherwise complied with a Chapter 62 requirement). It could also be said that his former 14th Street address in Hale County was a place at which an element of appellant's failure to comply with registration requirements took place. *See id.* art. 13.31(1) (providing that venue is proper in county in which any element of the offense occurred); *see also id.* art. 62.055(a) (requiring seven days' advance notice of intent to change addresses).

Having reviewed the record, we do not expressly conclude that the State proved venue by a preponderance of the evidence; such is not the task before us in a case so postured. We do conclude that the record before us does not affirmatively show that the State failed to prove that Hale County was a proper venue. That being so and there having been no dispute over venue in the trial court, we must presume that the State

proved venue was proper in Hale County.  *See* TEX. R. APP. P. 44.2(c)(1).  Because we so presume, we overrule appellant's contention to the contrary.

Conclusion

Having overruled appellant's sole point of error, we affirm the trial court's judgment of conviction.  *See* TEX. R. APP. P. 43.2(a).

Mackey K. Hancock
Justice

Do not publish.