

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00099-CR

Rodolfo Mata **RODRIGUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR4828
Honorable Ron Rangel, Judge Presiding

Opinion by:      Karen Angelini, Justice

Sitting:          Karen Angelini, Justice
                 Marialyn Barnard, Justice
                 Rebeca C. Martinez, Justice

Delivered and Filed:  February 25, 2015

AFFIRMED

Rodolfo Mata Rodriguez appeals his conviction for continuous sexual abuse of a child. In

one issue, he contends the trial court erred in allowing inadmissible extraneous offense evidence.

We affirm.

### BACKGROUND

Because Rodriguez does not raise a sufficiency of the evidence issue, we will only briefly

set forth the relevant facts.

The complainant, T.R., was seven years old at the time of trial. When she was between the ages of four and six, she had a babysitter, Martha Medina. Martha Medina, whom T.R. referred to as "Ma," was married to and resided with Rodriguez, whom T.R. referred to as "Pa." T.R. testified that she was sometimes left alone with Pa, and that he sexually abused her on multiple occasions by putting his "pee pee" in "[her] mouth and [her] behind." After the jury found Rodriguez guilty, he was sentenced to twenty-five years in prison.

Rodriguez was indicted under section 21.02 of the Texas Penal Code for continuous sexual abuse of a young child. A person commits that offense if (1) during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and (2) at the time of the commission of each of the acts of sexual abuse, the actor is seventeen years of age or older and the victim is a child younger than fourteen years of age. TEX. PENAL CODE ANN. § 21.02(b) (West Supp. 2014).

The continuous sexual abuse of a child statute creates a single offense. *Render v. State*, 316 S.W.3d 846, 857 (Tex. App.—Dallas 2010, pet ref'd). It allows the State to seek "one conviction for a 'series' of acts of sexual abuse with evidence that, during the relevant time period, appellant committed two or more different acts that section 21.02 defines as means of committing a single criminal offense and not as two or more separate criminal offenses." *Meraz v. State*, 415 S.W.3d 502, 505 (Tex. App.—San Antonio 2013, pet. ref'd) (quoting *Render*, 316 S.W.3d at 857). Jurors are not required to unanimously agree on which specific acts of sexual abuse the defendant committed—only that the defendant committed two or more acts of sexual abuse during the relevant period of time. *Fulmer v. State*, 401 S.W.3d 305, 310 (Tex. App.—San Antonio, pet. ref'd), *cert. denied*, 134 S. Ct. 436 (2013). Thus, the individual acts of sexual abuse are manner and means, not elements of the offense. *Id.* at 311-13.

The indictment charging Rodriguez with continuous sexual abuse of a child alleged that during a period of thirty or more days of duration, Rodriguez committed two or more acts of sexual abuse against T.R.—namely intentionally and knowingly causing T.R.'s mouth to contact his male sexual organ, and intentionally and knowingly causing T.R.'s anus to contact his male sexual organ.

During T.R.'s trial testimony, the prosecutor approached the bench and told the court she intended to ask T.R. about other sexual acts Rodriguez had committed against her. Defense counsel objected to the extraneous acts of misconduct and requested a hearing outside the presence of the jury. During the hearing outside the presence of the jury, T.R. testified that Pa put his mouth on her behind and that she touched his "pee pee." Defense counsel again objected to the jury hearing this evidence. The prosecutor argued the evidence was contextual and all part of the same occurrence. The trial court overruled the objection. Once the jury returned to the courtroom, T.R. reiterated her prior testimony that the jury had already heard, testifying that Pa had put his "pee pee" in her mouth and her bottom. She then testified as follows:

Q. When Pa put his pee pee in your mouth, did you ever see his pee pee before it went in your mouth?
A. Yes.
Q. Did you ever touch it?
A. Yes.
Q. What did you touch it with?
A. With my hands.
Q. And what would you do when you touched it with your hands?
A. Well, it would feel strange.
Q. Okay. But when you touched it with your hands, what would you do? Would you then put it somewhere?
A. I would put it in the mouth.
Q. Why would you put it in your mouth?
A. Because Pa would tell me to do so.[1]

---

[1] Although T.R. testified outside the presence of the jury that Pa put his mouth on her behind, she did not testify to that in the presence of the jury. When the jury was present, she testified only that, in addition to Pa putting his "pee pee" in her mouth and her behind, she had touched his "pee pee" when she was putting it in her mouth as Rodriguez told her to do.

Rodriguez argues the indictment alleged only that he caused T.R.'s mouth to contact his penis and that he caused T.R.'s anus to contact his penis. Thus, according to Rodriguez, the trial court erred in allowing T.R. to testify, over his objection, that she touched Rodriguez's penis with her hand because such testimony was evidence of an inadmissible extraneous offense.

The State argues that since the act of T.R. touching Rodriguez's penis is merely another manner and means of committing the offense of continuous sexual abuse of a child, the trial court did not err in allowing it into evidence. The State further argues that even if the evidence was considered as extraneous offense evidence, it was admissible as same transaction contextual evidence under Texas Rule of Evidence 404(b), which permits extraneous offense evidence if it is admitted for some purposes other than to prove the character of the defendant in order to show action in conformity therewith. *See* TEX. R. EVID. 404(b). And, finally, the State argues that error, if any, was not harmful.

We review a trial court's decision to admit evidence under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We reverse only if the error had a substantial influence on the outcome of the proceeding. *Burnett v. State*, 88 S.W.3d 633, 637 (Tex. Crim. App. 2002).

"[S]ame transaction contextual evidence may be admissible where 'several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, …, of any one of them cannot be given without showing the others." *Wyatt v. State*, 23 S.W.3d 18, 25 (Tex. Crim. App. 2000) (quoting *Rogers v. State*, 853 S.W.2d 29, 33 (Tex. Crim. App. 1993)) (alteration in original). "[T]he jury is entitled to know all relevant surrounding facts and circumstances of the charged offense; an offense is not tried in a vacuum." *Id.* (citation omitted). Same transaction contextual evidence is admissible, however, "only to the extent that it is necessary to the jury's understanding of the offense." *Pondexter v.*

*State*, 942 S.W.2d 577, 583 (Tex. Crim. App. 1996) (citation omitted). It is admissible "only when the offense would make little or no sense without also bringing in the same transaction evidence." *Id.* (citation omitted).

We agree with the State that T.R. touching Rodriguez's penis with her hand was admissible as same transaction contextual evidence. The evidence that Rodriguez told T.R. to touch his penis in order to put it in her mouth is so intertwined and connected as to be part of the same transaction and was necessary to the jury understanding of the offense. Therefore, the trial court did not abuse its discretion in allowing the evidence.

Further, even if it was error for the trial court to admit the evidence that T.R. touched Rodriguez's penis, it was not harmful. Any non-constitutional error that does not affect the defendant's substantial rights is not harmful error. TEX. R. APP. P. 44.2(b). Although Rodriguez argues that admission of the evidence may have had a substantial influence on the outcome of the proceeding, he fails to indicate how the outcome was affected.

During the guilt/innocence phase of the trial, the trial court instructed the jury that (1) evidence of alleged acts of sexual misconduct that were not alleged in the indictment could not be considered unless the jury believed the acts were committed beyond a reasonable doubt; and (2) such evidence could only be considered for the bearing it may have on relevant matters, including the defendant and the child's state of mind and the previous and subsequent relations between Rodriguez and T.R. Thus, any error in admitting the evidence was cured by the instruction.

And, the only argument Rodriguez articulates regarding how he was harmed is that the admission of the evidence had a substantial influence on the outcome "because it painted [him] as a sexual monster, committing vile acts above and beyond those stated in the indictment." However, the State had already presented evidence that Rodriguez put his penis in T.R.'s mouth and her anus. Rodriguez fails to show why proof that T.R. touched his penis while placing it in her mouth

as instructed by him "painted" him in any more "vile" a manner than the evidence that Rodriguez placed his penis in her mouth and her anus such that it made a difference in the jury's guilty verdict. Further, admission of the evidence was not harmful in the sentencing phase of the trial. The punishment range for continuous sexual abuse of a child was either imprisonment for life or for a term of between twenty-five and ninety-nine years. *See* TEX. PENAL CODE ANN. § 21.02(h) (West Supp. 2014). The jury sentenced Rodriguez to twenty-five years, which was the minimum sentence within the range of punishment. Thus, any error in admission of the evidence was harmless.

We affirm the judgment of the trial court.

Karen Angelini, Justice

Do not publish