**Reginald Bernard SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**NUMBER 13-16-00185-CR**

Court of Appeals of Texas, Corpus Christi-Edinburg.

Delivered and filed June 15, 2017

Discretionary Review Refused January 24, 2018

Hon. Heather A. Hudson, Hon. Devon D. Anderson, Houston, Hon. Kimbra K. Ogg, for Appellee.

Hon. Sarah V. Wood, Houston, Hon. Alexander Bunin, for Appellant.

Before Justices Contreras, Benavides, and Longoria

## MEMORANDUM OPINION

Memorandum Opinion by Justice Longoria

Appellant Reginald Smith was indicted for murder, a first-degree felony. *See* Tex. Penal Code Ann. § 19.02(b)(1) (West, Westlaw through 2015 R.S.). On appeal, Smith argues in a single issue that the trial court violated his constitutional and statutory rights to be present throughout the entire voir dire proceeding. We affirm.

## I. Background [1]

Smith was indicted for a murder that was alleged to have occurred on April 19, 2014. He pleaded not guilty and proceeded to trial before a jury. During the voir dire proceedings, the following exchanges occurred as the trial court judge was making his initial remarks to the venire members:

The Court: Now, the State has the burden. The defendant may testify if he wishes to do so; he doesn't have to, if he doesn't and you cannot hold that against him. Anybody have any questions about any of that? All right.

Smith: Your Honor—

The Court: You cannot speak, sir.

. . . .

The Court: So anybody have any questions for me? Again, the case should be over by Tuesday or Wednesday.

Smith: Your Honor, I need a lawyer. This dude here—

The Court: Excuse me, sir. You cannot talk. All right. I think that takes care of what I needed to speak with you about. Why don't we all stand up and stretch for a second and we will have the State start.

Smith: Let the jury see this, man. Sir, I need a lawyer.

The Court: All right. Please be seated. Thank you.

---

1. This case is before this Court on transfer from the Fourteenth Court of Appeals in Houston pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* Tex. Gov't Code Ann. § 73.001 (West, Westlaw through 2015 R.S.).

Smith: Your Honor, can I speak to you for a second?

The Court: No, sir. You cannot.

The Court: But whatever you do here, if you think, you know, you believe he did it and you believe it beyond a reasonable doubt that all of your reasonable doubt has been satisfied, you're required by law to honor an oath to render a true verdict based upon the law and the evidence that's been presented. And that's what's being asked of you.

Smith: But without a lawyer, Your Honor?

The Court: Sir, don't speak anymore.

Mr. Smith: I don't have a lawyer. I need to—I'm supposed to have a lawyer.

The Court: I'm going to have you gagged if you continue to disrupt these proceedings.

So can all of you understand now that your obligation is to decide beyond a reasonable doubt and that beyond all doubt is really not something that's feasible? Can you all do that now? All right. Let's continue. I'm sorry to take up so much of your time.

Smith: Your Honor, I need an attorney. Can I speak with you? My attorney is not acting in my best interests.

The Court: Sir, I've already told you, you cannot speak. If you speak anymore without my permission I'll remove you—

Smith: Sir, you're trying me without an attorney.

The Court: Let's take him out of the courtroom, please. You've forfeited your right to be here.

Smith: Sir, I'm supposed to have an attorney if I'm going to go to trial.

(Defendant removed from the court.)

The Court: All right. Back on the record. All right. Ladies and gentlemen, as you've noticed, the defendant has been removed from the courtroom for interrupting proceedings. I have a right to do that if he continues to be disruptive and I warned him on the record on more than one occasion not to do so. So he'll be able to fully hear everything that's going on, he just won't be able to be out here in observance of the selection of the jury. So, I want to make sure you understand that.

Smith was not present in the courtroom during his attorney's voir dire examination; however, Smith was allowed to listen to the voir dire proceedings in the holdover cell that he was escorted to after being removed from the courtroom. Several venire members expressed that they were unable to be fair after witnessing Smith's interjections; these venire members were all struck for cause. At a bench conference regarding peremptory strikes, Smith's attorney requested permission to consult with Smith about how to use his peremptory strikes. Afterward, Smith's counsel reported to the trial court that Smith wanted to be present to participate in the remainder of the proceedings. The trial court allowed Smith to change out of his prison garb and sit in the courtroom during the remainder of the selection and seating of the jury panel. Following voir dire, the trial court informed Smith that he would be immediately removed from the courtroom if he made any further outburst. Smith remained in the courtroom for the remainder of the trial without incident.

Smith was found guilty by the jury of murder, enhanced by two prior felony convictions for unauthorized use of a motor vehicle and burglary of a building. The trial court sentenced Smith to thirty years in the in the Texas Department of Criminal Justice—Institutional Division. *See*

TEX. PENAL CODE ANN. § 12.42(d) (West, Westlaw through 2015 R.S.). This appeal followed.

## II. RIGHT TO BE PRESENT DURING VOIR DIRE

Smith argues that the trial court violated his constitutional right to be present during every phase of the trial proceedings against him, as afforded by the Sixth and Fourteenth Amendments of the United States Constitution and Article 1, section 10 of the Texas Constitution. *See* U.S. CONST. amend. VI, XIV; TEX. CONST. art. I, § 10. He further argues that his removal from the courtroom during voir dire violated his statutory right to be present under Article 33.03 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN art. 33.03 (West, Westlaw through 2015 R.S.).

### A. Standard of Review and Applicable Law

█ "[W]ithin the scope of the right of confrontation is the absolute requirement that a criminal defendant who is threatened with loss of liberty be physically present at all phases of proceedings against him, absent a waiver of that right through defendant's own conduct." *Fulmer v. State*, 401 S.W.3d 305, 314 (Tex. App.—San Antonio 2013, pet. ref'd) (citing *Baltierra v. State*, 586 S.W.2d 553, 556 (Tex. Crim. App. 1979)); *see* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10. Texas statutory law provides even further protection by stating that the accused has an absolute right to remain in the courtroom until the jury has been selected. TEX. CODE CRIM. PROC. ANN art. 33.03. Thus, a defendant possesses an absolute and unwaivable right to remain in the courtroom until the conclusion of jury selection. *See Hodges v. State*, 116 S.W.3d 289, 296 (Tex. App.—Corpus Christi 2003, pet. ref'd).

█ When a defendant has been deprived of his statutory right under article 33.03 to be present in the courtroom during trial, "the court must determine whether the presence of appellant bears a reasonably substantial relationship to the opportunity to defend." *Id.* However, when a defendant has been deprived of both his statutory and constitutional rights to be present in the courtroom during trial, appellate courts conduct the more stringent constitutional harm analysis. *Morrison v. State*, 480 S.W.3d 647, 659 (Tex. App.—El Paso 2015, no pet.). In conducting a constitutional harm analysis, appellate courts must reverse the trial court's judgment unless they determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment. TEX. R. APP. P. 44.2(a); *Fulmer*, 401 S.W.3d at 315.

### B. Discussion

Smith argues that his constitutional and statutory rights to be present during the voir dire process were violated when the trial court removed him from the courtroom. The State argues that Smith waived his constitutional rights to be present during voir dire and that any violation of his statutory right to be present was harmless error.

#### i. Constitutional Rights

█ It is true that a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom.

*Illinois v. Allen*, 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970); *see Morrison*, 480 S.W.3d at 656. However, we do

not agree that Smith exhibited such behavior in the present case.. Smith clearly exhibited that he possessed qualms with his defense counsel and actively tried to voice that concern to the trial court. Even though Smith did repeatedly interrupt the trial court, it never rose to such a degree of disrespect that the trial could not continue with his presence in the courtroom, especially since the trial court did not attempt any lesser alternatives first. *See Allen*, 397 U.S. at 343, 90 S.Ct. 1057 (holding that there are at least three constitutionally permissible methods to handle disruptive defendants: (1) keeping the defendant present in the courtroom but binding and gagging him; (2) citing the defendant for contempt; and (3) taking the defendant out of the courtroom and temporarily halting the proceedings until he promises to conduct himself properly). Thus, even though it is possible to waive one's constitutional right to be present during voir dire, we do not believe Smith's actions in this case rose to such a level. Accordingly, his constitutional right was violated. *See id.*

### ii. Statutory Rights

Regarding his statutory rights, Texas law provides that the right to be present during voir dire is specifically "cannot be waived." *Hodges*, 116 S.W.3d at 296. In other words, until the jury is seated, a defendant has an absolute right to be present during the voir dire. *See id.; see also Ashley v. State*, 404 S.W.3d 672, 681 (Tex. App.—El Paso 2013, no pet.) (holding that it violated article 33.03 when the trial court conducted voir dire proceedings without the defendant even though the defendant had voluntarily absented himself from the proceedings). Therefore, we conclude that Smith's constitutional and statutory rights to be present during voir dire were both violated. *See Morrison*, 480 S.W.3d at 656. Next we must determine if we can conclude beyond a reasonable doubt that this

error did not contribute to Smith's conviction. *See* Tex. R. App. P. 44.2(a); *see also Fulmer*, 401 S.W.3d at 315.

Smith generally argues that the voir dire process is critical to the defense and that he was deprived of being able to be physically present to see the reactions of the venire members and intelligently exercise his peremptory strikes. We agree that voir dire is essential to his ability to defend himself, but we conclude beyond a reasonable doubt that the trial court's error did not contribute to his conviction.

We find the cases Smith cites to distinguishable. For example, Smith cites to *Sumrell v. State*, in which the appellate court ultimately decided that the defendant's removal during voir dire was a harmful constitutional error. 326 S.W.3d 621, 626 (Tex. App.—Dallas 2009, pet. dism'd). However, in that case, four of the prospective jurors who claimed that the defendant's behavior biased them against him were not dismissed for cause and two of them were seated on the panel. *See id.* In the present case, every single venire person that expressed possible bias because of Smith's behavior in the courtroom was struck for cause. Smith does not point to any other venire person that should have been struck for cause but was not, nor does Smith allege that any particular juror that was seated was harmful to him. In other words, we see no evidence that Smith's removal from the courtroom contributed to his conviction. *See Wesley v. State*, 749 S.W.2d 933, 935 (Tex. App.—Texarkana 1988, no pet.) ("It is not everything that takes place in the absence of a defendant upon trial for which a reversal should be ordered. There must be either an actual showing of injury or a showing of facts from which injury might reasonably be inferred.").

Furthermore, many Texas courts have held under article 33.03 that a "temporary"

or "short-lived" removal during voir dire is harmless error. *Morrison*, 480 S.W.3d at 659; *see, e.g., Jasper v. State*, 61 S.W.3d 413, 424 (Tex. Crim. App. 2001) (holding that defendant's absence from the courtroom when trial court excused two prospective jurors before the start of voir dire was harmless); *Fulmer*, 401 S.W.3d at 315–16 (finding that defendant's temporary absence from the courtroom during the jury selection process was harmless); *Ashley*, 404 S.W.3d at 681 (same); *see also Reyna v. State*, No. 04-12-00584-CR, 2013 WL 5508372, at *3–4 (Tex. App.—San Antonio Oct. 2, 2013, no pet.) (mem. op., not designated for publication) (holding that defendant's removal was so brief it did not contribute to the defendant's conviction or punishment and was therefore harmless error under Rule 44.2(a)); *Lampkins v. State*, No. 05-98-01920-CR, 2000 WL 306994, at *4 (Tex. App.—Dallas Mar. 27, 2000, pet. ref'd) (mem. op., not designated for publication) (finding that a defendant's constitutional rights were not violated as long as the trial court gave the defendant an opportunity to return to the courtroom).

■ In the present case, the record does not reflect precisely how long Smith was absent from the courtroom. He was present during the State's voir dire, absent during his attorney's voir dire, and then was allowed to return to the courtroom before the exercise of peremptory strikes. While he was absent, Smith was confined in a holdover cell and allowed to listen to the proceedings conducted in his absence in real time. He was further allowed to consult with his attorney before using peremptory strikes. In fact, the court in *Morrison*, which Smith relies on, commended the trial court for taking actions similar to those the trial court took in the present case. *See Morrison*, 480 S.W.3d at 659 (applauding the trial court for "taking ap-

propriate steps to ensure that Appellant was taken to an area where he was able to hear the remainder of the proceedings electronically, and for allowing defense counsel to meet with Appellant periodically to discuss trial strategies"). Ultimately, in *Morrison*, the court found that even though the defendant's statutory and constitutional rights to be present had been violated, the trial court's error was harmless. *See id.*

In conclusion, while it violated Smith's constitutional and statutory rights to remove him from the courtroom and to continue with the voir dire proceedings in his absence, we conclude beyond a reasonable doubt that this error did not contribute to his conviction for several reasons. *See* Tex. R. App. P. 44.2(a); *Fulmer*, 401 S.W.3d at 315. First, Smith's removal was only temporary because the trial court allowed him to return to the courtroom upon his assurance that he would conduct himself appropriately. Also, the trial court took steps to enable Smith to listen to the proceedings and consult with his attorney concerning trial strategy and peremptory strikes. *See Morrison*, 480 S.W.3d at 659. And lastly, as noted earlier, every single venire person that expressed a potential bias against Smith because of his actions was struck for cause. We overrule Smith's sole issue.

### III. Conclusion

We affirm the judgment of the trial court.