

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00265-CR

Edward Lloyd **HUGHES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. A16695
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:     Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  March 28, 2018

AFFIRMED

Edward Lloyd Hughes appeals from his first degree felony conviction of possession of a controlled substance with intent to deliver.  On appeal, Hughes raises a single issue challenging the trial court's assessment of attorney's fees against him.  We hold that the record contains no evidence to rebut the presumption that Hughes remains indigent and therefore order the district clerk to delete the assessment of costs for attorney's fees from the bill of costs.

**ANALYSIS**

A jury convicted Hughes of possession of a controlled substance, methamphetamine, with intent to deliver. After considering the presentence investigation report and enhancements for prior felony convictions, the trial court sentenced Hughes to eighty-five years in prison. The judgment imposes $579.00 in court costs against Hughes. The district clerk's bill of costs similarly reflects the assessment of $579.00 in total court costs, but also assesses $4,576.75 in attorney's fees against Hughes. The record shows that an attorney was appointed to represent Hughes in the trial court and a different attorney was appointed to represent Hughes on appeal. In addition, the trial court granted Hughes's written motion for a free reporter's record. The record therefore shows that the trial court found Hughes to be indigent during the proceedings leading up to his conviction, as well as immediately afterward for purposes of appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(m) (West Supp. 2017). Once a defendant is determined by the trial court to be indigent, he is presumed to remain indigent for the remainder of the proceedings in the case unless a material change occurs in the defendant's financial circumstances. *Id.* art. 26.04(p) (West Supp. 2017).

Article 26.05 of the Code of Criminal Procedure permits the trial court to order a defendant to re-pay all or part of the costs of the legal services provided to him, including any expenses and costs incurred by the attorney(s), if the court finds the defendant is financially able to pay. *Id.* art. 26.05(g) (West Supp. 2017). The trial court's determination must be based on the defendant's present financial resources, "not . . . speculation about possible future resources." *Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" under article 26.05(g). *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010). A defendant may challenge the sufficiency of the evidence to support a trial court's order to reimburse court-appointed attorneys' fees for the first time on appeal. *Id.* at

555-56 (no trial objection is required to preserve right to challenge sufficiency of evidence to support court-ordered reimbursement of appointed attorney fees). Hughes does precisely that here, arguing there is no evidence in the record to rebut the presumption that he remains indigent.[1] *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *see also Mayer*, 309 S.W.3d at 557. We agree. The record contains nothing to indicate that Hughes's financial circumstances have materially improved since his conviction and sentence, and the trial court made no finding that Hughes has the present ability to re-pay any amount of appointed attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (court must find defendant has financial resources to offset all or part of legal services provided).

In the absence of any evidence and finding that Hughes has the financial resources to pay, we conclude the trial court erred in ordering him to reimburse appointed attorney's fees in the amount of $4,576.75. Accordingly, we sustain Hughes's issue on appeal and order the Kerr County District Clerk to delete the assessment of costs for attorney's fees in the amount of $4,576.75 from the bill of costs. *See Fulmer v. State*, 401 S.W.3d 305, 318-19 (Tex. App.—San Antonio 2013, pet. ref'd).

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[1] The State waived its right to file a brief.