

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00210-CR

Shanelle **COOKS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-6210A
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  January 28, 2015

AFFIRMED AS MODIFIED; MOTION TO WITHDRAW GRANTED

Shanelle Cooks[1] pled no contest to possession of less than one gram of cocaine, a state jail felony.  TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010); TEX. PENAL CODE ANN. § 12.35(a), (b) (West Supp. 2014) (punishment range for state jail felony).  On February 3, 2010, Cooks was placed on deferred adjudication community supervision for a term of two years and was assessed a fine of $1,500.  TEX. CODE CRIM. PROC. ANN. art. 42.12 § 5 (West Supp. 2014).

---

[1] At the revocation hearing, appellant stated her last name is now "Charles."  The judgment being appealed uses the last name "Cooks;" therefore, we refer to appellant as Shanelle "Cooks."

On October 6, 2011, the State filed a motion to adjudicate guilt and revoke her community supervision alleging, in relevant part, that Cooks violated Condition No. 2 by using marijuana on three separate dates in 2010 and by failing to submit to drug testing on June 13, 2011 and July 14, 2011. Thereafter, the State twice supplemented its pending motion to revoke adding more alleged violations, including that Cooks violated Condition No. 1 by committing the offenses of aggravated assault and assault on or about January 29, 2012. At the revocation hearing held on March 12, 2014, Cooks pled "true" to a violation of Condition No. 1 by committing the offense of aggravated assault and to multiple violations of Condition No. 2 by using marijuana and failing to submit to drug testing on the alleged dates. The State waived the remaining alleged violations. The trial court adjudicated Cooks guilty, revoked her community supervision, and sentenced Cooks to two years' confinement in a state jail facility. The judgment imposes the two-year term of confinement and assesses a $1,500 fine, plus $870 in court costs and an undetermined amount for court-appointed attorney's fees. Cooks now appeals.

Cooks' court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and a motion to withdraw. In the brief, counsel raises no arguable appellate issues, and concludes this appeal is frivolous and without merit. The brief meets the *Anders* requirements. *See id.*; *see also High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). As required, counsel provided Cooks with a copy of the brief and motion to withdraw, and informed her of her right to review the record and file her own *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85-86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Cooks did not file a *pro se* brief. After reviewing the record and counsel's brief, we conclude there is no reversible error and agree

with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

Cooks' appellate counsel asserts that the attorney fees assessed against Cooks in the March 12, 2014 judgment must be deleted because Cooks is indigent. The district clerk has filed a supplemental record containing a certified bill of costs. *See* TEX. CODE CRIM. PROC. ANN. art. 103.006 (West 2006) (providing that if a criminal action is appealed, an officer of the court shall certify and sign a bill of costs stating the costs that have accrued and send the bill of costs to the appellate court). The bill of costs states that the amount of court-appointed attorney's fees assessed against Cooks is $500. *See Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011) ("attorney's fees as set forth in a certified bill of costs are effective whether or not incorporated by reference in the written judgment"). The record indicates that the trial court found Cooks to be indigent and appointed counsel to represent her in the trial court and on appeal. There is nothing in the record to support a finding that Cooks' ability to pay attorney's fees changed after the trial court determined her to be indigent. *See Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013) (explaining that a defendant who was previously found to be indigent is presumed to remain indigent and, absent any indication in the record that the defendant's financial status has changed, the evidence will not support the imposition of attorney's fees); *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014). Absent a showing of a material change in Cooks' financial circumstances, it was error for attorney fees to be assessed against her. *Fulmer v. State*, 401 S.W.3d 305, 318-19 (Tex. App.—San Antonio 2013, pet. ref'd).

Cooks' appellate counsel also asserts the $1,500 fine should be deleted from the judgment because the trial court did not orally pronounce the fine when it adjudicated Cooks' guilt and pronounced a two-year sentence at the March 12, 2014 hearing. *See* TEX. CODE CRIM. PROC. ANN. art. 42.03, § 1(a) (West Supp. 2014) (requiring sentence to be orally pronounced in defendant's

presence). In *Taylor v. State*, 131 S.W.3d 497 (Tex. Crim. App. 2004), the court held that when a defendant is placed on deferred adjudication and later adjudicated guilty, "the order adjudicating guilt sets aside the order deferring adjudication, including the previously imposed fine." *Id.* at 502. Therefore, if the trial court does not orally pronounce the fine at the time guilt is adjudicated but includes the fine in its written judgment, there is a conflict between the two and the oral pronouncement controls, requiring the fine to be deleted from the judgment. *Id.*; *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). Here, the deferred adjudication order includes a $1,500 fine, as does the March 12, 2014 judgment signed after adjudication of guilt and revocation; but, because the court did not orally pronounce the fine at the time of adjudication, the fine must be deleted from the judgment. *Taylor*, 131 S.W.3d at 502 (noting the unique circumstances of deferred adjudication, in contrast to regular probation in which a sentence is imposed and then suspended); *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) ("A trial judge has neither the statutory authority nor the discretion to orally pronounce one sentence in front of the defendant, but then enter a different written judgment outside the defendant's presence.").

Therefore, we modify the judgment to delete the assessment of the $1,500 fine and $500 in attorney fees against Cooks. *Taylor*, 131 S.W.3d at 502; *Fulmer*, 401 S.W.3d at 318. The district clerk is ordered to delete the fine and attorney fees from the bill of costs and to prepare and file a corrected bill of costs in this case. *See Green v. State*, No. 04-13-00018-CR, 2013 WL 6200328, at *2 (Tex. App.—San Antonio Nov. 27, 2013, no pet.) (mem. op., not designated for publication) (reforming both the judgment and bill of costs to delete the assessment of attorney's fees against an indigent criminal defendant); *see also Benavidez v. State*, 423 S.W.3d 520, 522 (Tex. App.—San Antonio 2014, no pet.).

Accordingly, the judgment of the trial court is affirmed as modified, and appellate counsel's motion to withdraw is granted.[2] *Nichols*, 954 S.W.2d at 86; *Bruns*, 924 S.W.2d at 177.

Rebeca C. Martinez, Justice

DO NOT PUBLISH

---

[2] No substitute counsel will be appointed. Should Cooks wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.