

## Fourth Court of Appeals
### San Antonio, Texas

### OPINION

No. 04-12-00866-CR

Larry **DIEKEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 11-1564-CR
Honorable Gary L. Steel, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Catherine Stone, Chief Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:   April 16, 2014

AFFIRMED

Appellant Larry Dieken pled guilty to aggravated assault with a deadly weapon, and the

jury assessed punishment at life imprisonment and a fine. The trial court imposed the sentence,

appointed appellate counsel, and ordered Dieken to pay attorney's fees for his court-appointed trial

counsel. Dieken appealed. His court-appointed appellate counsel filed an *Anders* brief, and

Dieken filed a pro se brief. We agree with Appellant's court-appointed counsel there are no

arguable issues on appeal pertaining to Dieken's conviction, but we separately address the trial

court's order for Dieken to reimburse the county for his court-appointed attorney's fees. We affirm the trial court's judgment.

## BACKGROUND

Appellant Larry Dieken was indicted for first degree aggravated assault with a deadly weapon causing serious bodily injury to a household member. Dieken pled guilty before the jury, and the jury assessed punishment at confinement in the Texas Department of Criminal Justice—Institutional Division for a term of life and a fine of $10,000.00. The trial court orally ordered the punishment assessed by the jury and further ordered Dieken to pay all fines and court costs.

Subsequently, the trial court signed two orders on the same day: (1) a written judgment of conviction assessing costs including $524.50 for attorney's fees; and (2) an order appointing appellate counsel to represent Dieken on appeal. Appellate counsel filed an *Anders* brief asserting the record contains no arguable errors to attack the conviction, *see Anders v. California*, 386 U.S. 738, 744 (1967), but challenging the trial court's order requiring Dieken to pay the attorney's fees for his court-appointed trial counsel. Before we address the attorney's fees question, we consider whether Dieken has any arguable issues on the merits of his conviction.

## NO ARGUABLE ISSUES ON CONVICTION

Dieken's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders* procedures; counsel also filed a motion to withdraw. *See id.* In counsel's brief, counsel raises no arguable appellate issues on the conviction or sentence, and necessarily concludes this appeal is wholly frivolous. Counsel's brief meets the *Anders* requirements. *See id.*; *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). As required, counsel provided Dieken with a copy of the brief and counsel's motion to withdraw, and informed Dieken of his right to review the record and file a pro se brief. *See Nichols v. State*, 954 S.W.2d 83, 85–

86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

In his pro se brief, Dieken complains about the jury selection process, ineffective assistance of counsel, alleged defects in the clerk's and reporter's records, and other issues.

After reviewing the record, counsel's brief, and Dieken's pro se brief, we conclude there is no reversible error and, except for the question of attorney's fees, the appeal is wholly frivolous. *See Anders*, 386 U.S. at 744; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (citing *Anders* and allowing appellate courts to not address every issue raised if, after reviewing the record, the court finds no reversible error). Therefore, we turn to the question of attorney's fees.

### ATTORNEY'S FEES

Dieken challenges the assessment of $524.50 in attorney's fees as part of the costs imposed in the judgment. He asserts the trial court twice found him indigent for purposes of trial, he was presumed to remain indigent, the trial court again found him indigent for purposes of this appeal, and there is no evidence to show he was able to pay the court-appointed trial attorney's fees.

### A. Applicable Law

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2014); *accord Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Fulmer v. State*, 401 S.W.3d 305, 318 (Tex. App.—San Antonio, pet. ref'd), *cert. denied,* 134 S. Ct. 436 (2013). On the other hand,

> [i]f the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, . . . the court shall

order the defendant to pay . . . as court costs the amount that it finds the defendant is able to pay.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *accord Mayer*, 309 S.W.3d at 556. "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556.

If the trial court imposes court-appointed attorney's fees as part of court costs, an appellant may challenge the imposition for the first time on appeal by raising a sufficiency of the evidence issue. *Id.*; *Fulmer*, 401 S.W.3d at 318. We review the record to determine whether the trial court could have reasonably determined the appellant's financial circumstances experienced a material change and the appellant was able to pay the court-appointed attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010). We view the evidence in the light most favorable to the judgment. *Mayer*, 309 S.W.3d at 557.

**B.    Analysis**

For the first time on appeal, Dieken contends there is insufficient evidence of his ability to pay attorney's fees. *See id.* at 556; *Fulmer*, 401 S.W.3d at 318. Before we review the evidence, we first consider the definition of indigence.

*1.    Definition of Indigence*

A criminal defendant who asserts he is "without means to employ counsel of my own choosing," may petition the court to appoint counsel to represent him at the county's expense. TEX. CODE CRIM. PROC. ANN. art. 26.04(o) (providing oath of indigence language); *id.* art. 26.05(f) (requiring counties to pay indigents' costs and attorney's fees). On the defendant's request and affidavit, the court determines whether the defendant has the means to hire counsel—or in abbreviated form, whether the defendant is "indigent." *Id.* art. 26.04(m). Courts' determinations that a defendant is indigent or not indigent may suggest that indigence is a binary condition. *See,*

*e.g.*, *Wiley*, 410 S.W.3d at 317 (referring to defendants who were "declared indigent" or "found indigent"); *Mayer*, 309 S.W.3d at 557 (same). Several statutory provisions also use seemingly "either-or" language. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 26.04(l), (m), (o) (referring to "whether a defendant is indigent"); *id.* art. 26.04(p) (referring to "a determination of indigency or nonindigency").

But the statute controlling reimbursement of court-appointed attorney's fees expressly contemplates a middle ground—a defendant who is able to pay for a portion of his legal services:[1]

> If the court determines that a defendant has financial resources that enable him to *offset in part* or in whole *the costs of the legal services provided*, including any expenses and costs, *the court shall order the defendant to pay* during the pendency of the charges or, if convicted, as court costs *the amount that it finds the defendant is able to pay*.

TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (emphasis added); *see Wiley*, 410 S.W.3d at 317 (citing the statutory provision). Article 26.05(g) authorizes a court to determine that a defendant is able to pay a portion of the costs of his legal services but is unable to pay the balance. TEX. CODE CRIM. PROC. ANN. art. 26.05(g). The statute clarifies the definition to show indigence is not merely a binary condition—either too poor to afford any counsel at any time (indigent), or rich enough to retain counsel at all stages of the case (not indigent). *Id.* Instead, indigence—a measure of whether a defendant is able to pay for legal services—is a spectrum that includes financial circumstances where the defendant is able to pay for part, but not all, of the legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *cf. McFatridge*, 309 S.W.3d at 6 (distinguishing indigence for purposes of a free record and indigence for appointing counsel: "A defendant can be found indigent for one purpose without being found indigent for the other.").

---

[1] "[C]osts of legal services provided" include attorney's fees for court-appointed counsel. TEX. CODE CRIM. PROC. ANN. art. 26.05(a), (e), (g).

*2.      Material Change, Ability to Pay*

The defendant's ability to pay may also change over time, and the court may reconsider any earlier indigence determination.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Whitehead v. State*, 130 S.W.3d 866, 876 (Tex. Crim. App. 2004) ("The question of indigence is subject to reconsideration if the defendant's financial status changes and, at least in the case of appointed counsel, the defendant can be required to reimburse the cost of legal services if it is later determined that he is able to do so." (footnote omitted)); *cf. Sturdivant v. State*, No. 01-12-00089-CR, 2013 WL 1972179, at *21 (Tex. App.—Houston [1st Dist.] May 14, 2013), *judgment vacated on other grounds*, 411 S.W.3d 487 (Tex. Crim. App. 2013) (finding a material change in appellant's financial circumstances and ordering her to pay for the legal services provided in full). For example, if a defendant is indicted, is found able to pay for retained counsel ("not indigent"), but suffers a serious financial setback, the defendant may move the court to reconsider its earlier determination.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Whitehead*, 130 S.W.3d at 876. On the other hand, if a defendant is initially found "indigent," but receives a financial windfall before the judgment is signed, the statute expressly contemplates that the State may move for reconsideration.  *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Whitehead*, 130 S.W.3d at 876; *cf. Sturdivant*, 2013 WL 1972179, at *21.  If the trial court grants the motion and determines the defendant is financially able to reimburse the county for all or part of the legal services it provided, the trial court is obligated to order the defendant to do so.  TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *see Wiley*, 410 S.W.3d at 317; *Whitehead*, 130 S.W.3d at 876.  We turn now to the evidence.

*3.      Relevant Evidence*

On May 31, 2011, the trial court determined that Dieken was "too poor to employ counsel for his defense in this cause" and appointed counsel to represent him.  From that date, Dieken was

"presumed to remain indigent . . . unless a material change in [Dieken's] financial circumstances occur[red]." *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *Wiley*, 410 S.W.3d at 317; *Mayer*, 309 S.W.3d at 557. In a bond reduction hearing on September 27, 2011, Dieken testified that when he was working full-time, his take-home pay was about $9,300 per month, but he has not worked since his arrest because he has been continuously incarcerated. On November 9, 2011, the trial court again found Dieken was "too poor to employ counsel," granted the first appointed counsel's motion to withdraw, and appointed a replacement attorney.

During an April 18, 2012 hearing on Dieken's motion to reduce bail, Dieken testified about his financial circumstances. He testified he had a 401(k) retirement account valued at about $2,000 that he was trying to liquidate, and he might receive funds from an insurance claim. He asked the court to dismiss his second court-appointed attorney because he was going to "get my own lawyer."

On May 8, 2012, George Carroll filed a notice of appearance; the notice stated "Larry Dieken[] retained George Carroll." In the May 22, 2012 hearing on Dieken's motion for continuance, retained counsel advised the court that Dieken hired him, and a third party would pay on Dieken's behalf for a forensic psychiatrist to examine Dieken. The trial court granted retained counsel's motion to substitute, but did not make an oral or written finding that (1) Dieken's financial circumstances experienced a material change or (2) Dieken had the ability to pay his court-appointed trial counsel's fees. After the trial concluded, the court's written judgment imposed court costs including $524.50 in attorney's fees for Dieken's court-appointed trial counsel.

### 4.    *Sufficient Evidence*

To impose the attorney's fees on Dieken, the trial court had to find, either expressly or implicitly, that a material change occurred and Dieken had the ability to pay $524.50 for his court-appointed attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *Wiley*, 410 S.W.3d at

317; *Mayer*, 309 S.W.3d at 556. It did not make an express written or oral finding,[2] and we must determine whether the evidence reasonably supports such an implicit finding. *See Mayer*, 309 S.W.3d at 557 (sufficiency review); *cf. McFatridge*, 309 S.W.3d at 5–6, 9 (reiterating the appellate review process for an indigence determination and requiring "the trial court's determinations [to be] reasonably supported by the evidence").

The trial court heard testimony and received documents that reasonably supported its determination. *See McFatridge*, 309 S.W.3d at 9. Dieken testified he had a 401(k) account he was trying to liquidate, and he might receive funds from an insurance claim. Dieken's retained counsel presented a motion to substitute which expressly stated that Dieken retained counsel, and counsel stated on the record in open court that Dieken hired him. Retained counsel also advised the court that a third party had agreed to pay—on Dieken's behalf—the expert psychiatrist's fee.

We conclude the trial court's implicit determinations that (1) a material change occurred sometime after it found Dieken indigent and before Dieken retained counsel, and (2) Dieken was able to pay the $524.50 in court-appointed attorney's fees are reasonably supported by the evidence. *See Mayer*, 309 S.W.3d at 556 (required findings); *McFatridge*, 309 S.W.3d at 9 (reasonable support in evidence). Further, the trial court's order appointing appellate counsel, signed the same day as the judgment, is not inconsistent with the ordered attorney's fees; the trial court could have found Dieken was able to pay $524.50 in trial attorney's fees but unable to pay attorney's fees to appeal. *See McFatridge*, 309 S.W.3d at 6.

Viewing the evidence in the light most favorable to the judgment, *see Mayer*, 309 S.W.3d at 557, we conclude the trial court did not err in ordering Dieken to pay $524.50 in attorney's fees. We overrule Dieken's complaint about the imposition of court-appointed attorney's fees.

---

[2] The statute does not require an express finding, but a clear, written finding or an unequivocal oral pronouncement on the record in open court is preferred. *Cf.* TEX. CODE CRIM. PROC. ANN. art. 26.05(g).

CONCLUSION

Having reviewed the record and the briefs, we conclude there are no arguable issues on appeal pertaining to Dieken's conviction. To support its judgment, the trial court necessarily—albeit implicitly—found Dieken's financial circumstances experienced a material change and he was able to pay $524.50 for court-appointed attorney's fees. Viewing the evidence in the light most favorable to the judgment, we conclude the evidence reasonably supports the trial court's order imposing $524.50 in attorney's fees. *See Mayer*, 309 S.W.3d at 557. We affirm the trial court's judgment and grant appellate counsel's motion to withdraw.[3] *See Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

Patricia O. Alvarez, Justice

PUBLISH

---

[3] No substitute counsel will be appointed; if Appellant desires to take further action in this case, he must either retain counsel or act through self-representation. If Appellant seeks additional review by this court, Appellant may file a motion for rehearing or motion for en banc reconsideration. *See* TEX. R. APP. P. 49.1, 49.7. If Appellant seeks further review by the Texas Court of Criminal Appeals, he must file a petition for discretionary review. Any petition for discretionary review must be filed within thirty days from (1) the date of this opinion or (2) the date the last timely motion for rehearing or en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3(a). The mailing address for the court is as follows:

Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711-2308

Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.