

# Fourth Court of Appeals
## San Antonio, Texas

**DISSENTING OPINION**

No. 04-19-00713-CR

John Derek **ALLEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. DC6678
Honorable N. Keith Williams, Judge Presiding

Opinion by:   Rebeca C. Martinez, Chief Justice
Dissenting Opinion by: Patricia O. Alvarez, Justice

Sitting:      Rebeca C. Martinez, Chief Justice
             Patricia O. Alvarez, Justice
             Liza A. Rodriguez, Justice

Delivered and Filed: April 28, 2021

I join the majority in part on the issue of legal sufficiency for knowing possession of a controlled substance.

I respectfully dissent from the majority on the issue of attorney's fees. Despite there being evidence to support the trial court's judgment on the issue of attorney's fees, the majority deletes that portion of the judgment.

When determining whether there is sufficient evidence to support the award of attorney's fees, the reviewing court considers the record evidence in the light most favorable to the award.

*Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *Dieken v. State*, 432 S.W.3d 444, 449 (Tex. App.—San Antonio 2014, no pet.). A trial court may impose attorney's fees on a defendant who begins the case as indigent if the evidence reasonably supports an implicit finding that there was a material financial change and defendant was able to pay for his court-appointed attorney's fees. *See Dieken*, 432 S.W.3d at 449 (citing *Mayer*, 309 S.W.3d at 556; *McFatridge v. State*, 309 S.W.3d 1, 5–6, 9 (Tex. Crim. App. 2010)); *accord Whitehead v. State*, 130 S.W.3d 866, 876 (Tex. Crim. App. 2004) ("[I]n the case of appointed counsel, the defendant can be required to reimburse the cost of legal services if it is later determined that he is able to do so."). The finding is not required to be written or orally pronounced, though it is preferred. *Dieken*, 432 S.W.3d at 449 n.2 (citing TEX. CODE CRIM. PROC. ANN. art. 26.05(g)).

In this case, Allen made an avowal on March 15, 2018, that he was too poor to hire private counsel and requested the court to appoint counsel for him, by signing a form provided by the court. The attached worksheet required Allen to list dependents, employment details, income, and expenses, but the resulting handwritten entries on the form are confusing, hard to read, and show that Allen had $3,500 worth of assets. Our record contains no reporter's transcript regarding the resulting finding of inability to afford payment of court costs, but the trial court appointed counsel for Allen.

On August 12, 2019, the first day of trial, the trial court asked parties to announce ready, and Allen stated that he wanted to continue trial so that he could hire private attorney Nico LaHood the following week. The trial court asked Allen whether he had the money to retain Mr. LaHood, and Allen replied, "Yes, sir. Since then, I've got a job, I've got a good job and so I have money now. When I first started this, I didn't have a job." The trial court asked for some background "because, you know, we've—we went through this once before." It noted that they had already

gone through six or seven trial settings in the case, that the case had been pending for nearly a year and a half, and then denied Allen's motion to continue.

Later, at sentencing, Allen told the trial court that he had a job. The trial court asked Allen what type of job he had, and Allen replied that he was a musician and that he also worked as a waiter. He told the court that he took care of his invalid license by paying the surcharges and retaking his driving test. Allen's court-appointed counsel submitted his bill to the court, which the trial court told Allen he would have to pay, though the trial court reduced the amount from $3,790.50 to $2,600.00. Allen did not voice an objection at the time.[1]

Based on Allen's conversations with the trial court, and based on a review of the record evidence in the light most favorable to the award as required by law, I believe the trial court was able to reasonably find that Allen's finances had materially changed. The trial court relied on Allen's statement to find him indigent in March 2018, and it should also have been authorized to rely on Allen's statements at two different hearings in August and October of 2019 that his job permitted him to pay his case-related expenses, to include attorney's fees. Moreover, court documentation showed that Allen had $3,500 worth of non-exempt assets to draw from in order to reimburse the court for attorney's fees. *See McFatridge*, 309 S.W.3d at 8 (concluding that the trial court could have rationally found that the appellant had sufficient assets to devote to the costs of her appeal.).

Because there was evidence that Allen had means to pay attorney's fees, I would affirm the trial court's judgment on this issue. Accordingly, I respectfully dissent in part.

Patricia O. Alvarez, Justice

DO NOT PUBLISH

---

[1] Objection in the trial court is not required before making a claim that there was insufficient evidence of a defendant's financial resources and ability to pay the court-appointed attorney's fees. *Mayer*, 309 S.W.3d at 556.