

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00713-CR

John Derek **ALLEN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 216th Judicial District Court, Gillespie County, Texas
Trial Court No. DC6678
Honorable N. Keith Williams, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice
Dissenting Opinion by: Patricia O. Alvarez, Justice

Sitting:    Rebeca C. Martinez, Chief Justice
            Patricia O. Alvarez, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: April 28, 2021

AFFIRMED AS MODIFIED

A jury convicted appellant John Derek Allen of knowingly possessing a controlled

substance in Penalty Group 1 (methamphetamine) of less than one gram within a drug-free zone.

*See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).  On appeal, Allen argues the evidence

against him was legally insufficient and that the trial court erred in assessing attorney's fees.  We

modify the judgment to delete the assessment of the attorney's fees against Allen and affirm the

judgment as modified.

## BACKGROUND

In October 2017, Allen was stopped for a traffic violation near Fredericksburg Middle School after failing to activate his blinker at least 100 feet before making a turn. The deputy who stopped Allen discovered that his driver's license was suspended and arrested him for driving while his license was invalid. When the deputy asked Allen if he had any weapons or drugs in his possession, Allen said he did not, but that he had an insulin needle in the front pocket of his pants. The deputy then retrieved a syringe from Allen's front pocket and subsequently conducted an inventory search of Allen's vehicle, during which an additional syringe was discovered. No evidence of insulin or other medication was found. A lab technician tested the residue from the syringe found in Allen's pocket and determined that it was positive for methamphetamine.

Early in the case, Allen was found indigent and counsel was appointed to represent him. At the beginning of trial, Allen told the trial court he wanted to hire an attorney to replace his court-appointed attorney and that he had a job and money to retain an attorney. Allen's court-appointed attorney indicated that Allen had represented to him that he was going to hire a lawyer over six months ago. The court also noted on the record that the case had previously been reset numerous times and then denied Allen's request for additional time to hire an attorney. The jury unanimously found Allen guilty of knowing possession of a controlled substance in Penalty Group 1 of less than one gram within a drug-free zone. *See id.*

At the sentencing hearing, Allen stated that he had a job as a musician and a waiter. At the end of the hearing, Allen's appointed attorney made an oral motion to withdraw, which the court granted. The trial court sentenced Allen to 45 days in the Gillespie County Jail, two years in the Texas Department of Criminal Justice probated for three years, and 100 hours of community service. The court also ordered Allen to pay $2,600, a reduced amount of his court-appointed attorney's fees. Later that evening, after the trial court signed the judgment, retained appellate

counsel for Allen filed a notice of appearance. Allen now appeals his conviction and attorney's fees.

### LEGAL SUFFICIENCY FOR KNOWING POSSESSION OF A CONTROLLED SUBSTANCE

Allen argues the evidence is legally insufficient to support his conviction because there is no evidence indicating that he knew the syringe he possessed contained a controlled substance. We disagree.

#### A. Standard of Review

When determining whether there is sufficient evidence to support a conviction, the reviewing court "consider[s] the combined and cumulative force of all admitted evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt." *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016) (citing *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979)); *accord Brooks v. State*, 323 S.W.3d 893, 894 (Tex. Crim. App. 2010). "Because the jury is the sole judge of the credibility of witnesses and of the weight given to their testimony, any conflicts or inconsistencies in the evidence are resolved in favor of the verdict." *Espino-Cruz v. State*, 586 S.W.3d 538, 543 (Tex. App.—Houston [14th Dist.] 2019, pet. ref'd) (citing *Jackson v. State*, 530 S.W.3d 738, 741–42 (Tex. App.—Houston [14th Dist.] 2017, no pet.)). "The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt." *Gamelin v. State*, No. 14-08-00977-CR, 2010 WL 1037944, at *2 (Tex. App.—Houston [14th Dist.] Mar. 23, 2010, no pet.) (mem. op., not designated for publication) (citing *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991)).

#### B. Applicable Law

"[I]n a possession of a controlled substance prosecution, 'the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the

matter possessed was contraband.'" *Evans v. State*, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006) (quoting *Evans v. State*, 185 S.W.3d 30, 34 (Tex. App.—San Antonio 2005)); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a); TEX. PENAL CODE ANN. § 1.07(a)(39). "When the quantity of a substance possessed is so small that it cannot be quantitatively measured, there must be evidence other than its mere possession to prove that the defendant knew the substance in his possession was a controlled substance." *Shults v. State*, 575 S.W.2d 29, 30 (Tex. Crim. App. 1979). "Regardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous." *Evans*, 202 S.W.3d at 161; *see also Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005), *overruled in part on other grounds by Robinson v. State*, 466 S.W.3d 166, 173 & n.32 (Tex. Crim. App. 2015). "[P]resence or proximity, when combined with other evidence . . . may well be sufficient to establish that element beyond a reasonable doubt." *Evans*, 202 S.W.3d at 162. A non-exclusive list of factors that tend to establish affirmative links include:

> (1) the defendant's presence when a search is conducted; (2) whether the contraband was in plain view; (3) the defendant's proximity to and the accessibility of the narcotic; (4) whether the defendant was under the influence of narcotics when arrested; (5) whether the defendant possessed other contraband or narcotics when arrested; (6) whether the defendant made incriminating statements when arrested; (7) whether the defendant attempted to flee; (8) whether the defendant made furtive gestures; (9) whether there was an odor of contraband; (10) whether other contraband or drug paraphernalia were present; (11) whether the defendant owned or had the right to possess the place where the drugs were found; (12) whether the place where the drugs were found was enclosed; (13) whether the defendant was found with a large amount of cash; and (14) whether the conduct of the defendant indicated a consciousness of guilt.

*Id.* at 162 n.12 (citing *Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). The number of factors present is not as important as the logical force the factors create to prove the accused knowingly possessed the controlled substance. *See Robertson v. State*, 80 S.W.3d 730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd). "Without an admission by

the accused, knowledge may be inferred from the circumstances." *Hyett v. State*, 58 S.W.3d 826, 831 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (citing *Linton v. State*, 15 S.W.2d 615, 618 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd)).  For example, a jury can rationally conclude that an individual is aware of the contents of his pants pocket.  *See Clark v. State*, No. 14-09-00944-CR, 2010 WL 4673713, at \*2 (Tex. App.—Houston [14th Dist.] Nov. 18, 2010, no pet.) (mem. op., not designated for publication).

### C. Analysis

In this case, the contraband was contained in Allen's front pocket of his pants.  *See Clark*, 2010 WL 4673713, at \*2 (concluding that a rational jury could have concluded that an individual is aware of the contents of his pants pocket).  He was aware of the syringe and told the deputy that it was for insulin.  However, during the inventory search of his vehicle, deputies never found any insulin or medication to corroborate Allen's statement.  *See Hood v. State*, No. 11-09-00098-CR, 2010 WL 3049030, at \*4 (Tex. App.—Eastland Aug. 5, 2010, no pet.) (mem. op., not designated for publication) (holding that a jury could have reasonably concluded that the defendant knowingly possessed methamphetamine when there was no other explanation for a syringe found in the pocket of a pair of pants in the defendant's backpack).

The Bexar County Crime Lab's description of the evidence stated that it received a "loose plastic syringe containing a light brown liquid residue" and the lab results indicated that the residue tested positive for methamphetamine.  *See Mayes v. State*, 831 S.W.2d 5, 6 (Tex. App.—Houston [1st Dist.] 1992, no pet.) ("[I]f the controlled substance can be seen and measured, the amount is sufficient to establish that the appellant knew it was a controlled substance.").  Reviewing the evidence in the light most favorable to the verdict, we find that there was legally sufficient evidence to show that Allen knowingly possessed the controlled substance.  We overrule his first issue.

**ATTORNEY'S FEES**

Allen challenges the assessment of $2,600 in attorney's fees as part of the costs imposed in the judgment. He asserts the trial court found him indigent early in the case, he was presumed to remain indigent, and there is no evidence to show he was able to pay the court-appointed attorney's fees. The State responds that Allen's statement to the court that he had a job and could retain counsel along with the fact that Allen did retain counsel on appeal demonstrates a material change in his financial circumstances and rebuts the presumption of indigency. We disagree.

*A. Applicable Law*

"A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *see Wiley v. State*, 410 S.W.3d 313, 317 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010). "If the judge determines that a defendant has financial resources that enable the defendant to offset in part or in whole the costs of the legal services . . . , the judge shall order the defendant to pay . . . as a reimbursement fee the amount that the judge finds the defendant is able to pay." TEX. CODE CRIM. PROC. ANN. art. 26.05(g). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees." *Mayer*, 309 S.W.3d at 556. Thus, a trial court may assess attorney's fees against a formerly indigent defendant only when it makes a finding, either expressly or implicitly, that the defendant's financial status materially changed. *Wiley*, 410 S.W.3d at 317; *Mayer*, 309 S.W.3d at 556.

Absent such a finding or any other evidence in the record indicating a change in financial status, the evidence is insufficient to support imposition of attorney's fees. *See Mayer*, 309 S.W.3d at 556–58. A defendant may challenge the sufficiency of the evidence of his changed financial

resources and ability to pay for the first time on appeal. *See id.* at 556; *Fulmer v. State*, 401 S.W.3d 305, 318 (Tex. App.—San Antonio 2013, pet ref'd). We review the record to determine whether the trial court could have reasonably determined the appellant's financial circumstances experienced a material change and the appellant was able to pay the court-appointed attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *McFatridge v. State*, 309 S.W.3d 1, 6 (Tex. Crim. App. 2010).

### B. Analysis

Allen was found indigent early in the case, and counsel was appointed to represent him on March 15, 2018. The record is devoid of any evidence that Allen's financial condition materially changed between that date and the date he was ordered to pay attorney's fees. *See Ellis-Henry v. State*, No. 03-14-00054-CR, 2015 WL 3857292, at *1 (Tex. App.—Austin June 16, 2015, no pet.) (mem. op., not designated for publication) (holding that the record did not contain any evidence that the defendant's financial condition changed between the date she was found indigent and the date she was ordered to pay attorney's fees). While Allen told the court that he received a job during this time period, there is no evidence as to how Allen's job constituted a material change in his financial circumstances. *See Gordon v. State*, No. 03-09-00486-CR, 2010 WL 3058637, at *2 (Tex. App.—Austin Aug. 2, 2010, no pet.) (mem. op., not designated for publication) (holding "there was no evidence presented as to how much money [the defendant] ultimately earned or as to whether [the defendant]'s income was sufficient to cover his basic living expenses."); *cf. Dieken v. State*, 432 S.W.3d 444, 449 (Tex. App.—San Antonio 2014, no pet.) (holding that the trial court did not err in ordering the defendant to pay $524.50 in attorney's fees after hearing testimony and receiving documents to reasonably support its determination). The trial court made no findings on the record indicating that Allen's financial status had changed such that he was able to "offset in part or in whole the costs of the legal services" provided to him; neither does the evidence support

such an implicit finding. TEX. CODE CRIM. PROC. ANN. art. 26.05(g); *see also Dieken*, 432 S.W.3d at 449 (stating that when there has been no express written or oral finding of material change in financial circumstances, the appellate court must determine whether the evidence reasonably supports an implicit finding of a material change).

The State contends that Allen's ability to retain counsel on appeal demonstrates a financial change in circumstances. However, Allen's retained counsel filed his notice of appearance in the evening after the trial court signed its judgment ordering Allen to pay attorney's fees. The mere fact that Allen retained counsel on appeal does not support a determination that a defendant's financial circumstances have materially changed. *See Vargas v. State*, Nos. 05-12-00334-CR, 05-12-00335-CR, 05-12-00336-CR, 2013 WL 3717768, at *4 (Tex. App.—Dallas July 12, 2013, no pet.) (mem. op., not designated for publication) (holding that the record did not contain evidence to support the trial court's judgment that the appellant was able to pay his court-appointed attorney's fees, even though the defendant was able to retain counsel). There is no evidence in the record that the trial court was aware that Allen had retained counsel on appeal. *Cf. Dieken*, 432 S.W.3d at 449 (retained counsel presented a motion to substitute expressly stating the defendant had retained counsel, and counsel stated on the record in open court that the defendant hired him and that a third-party would pay for a psychiatric examination). Accordingly, we hold that the trial court erred by ordering Allen to pay court-appointed attorney's fees. We modify the trial court's judgment to delete the order that Allen pay $2,600 in attorney's fees.

OTHER JUDGMENT MODIFICATIONS

This court may correct certain errors in a judgment by modifying the judgment. *See Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Morris v. State*, 496 S.W.3d 833, 836 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) ("'Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence

necessary to correct the judgment appears in the record.'" (quoting *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd))); *Penton v. State*, 489 S.W.3d 578, 581 (Tex. App.–Houston [14th Dist.] 2016, pet. ref'd). Here, the State points out that for the punishment to conform with the jury's verdict and affirmative finding on the special issue of the drug-free zone, the judgment should be reformed to specify that Allen was convicted of a third-degree felony rather than a state jail felony, and that his underlying prison term would be assigned to the institutional division of the Texas Department of Criminal Justice rather than the state jail division. Furthermore, the judgment form's checkboxes should reflect that Allen was placed on probation for three years and that Allen was sentenced by the trial court rather than by the jury. We agree the evidence necessary to correct the judgment appears in the record.

Accordingly, we MODIFY the language of the judgment as follows:

• under the heading "Degree of Offense" that reads "State Jail Felony," we MODIFY the language to read "3RD DEGREE FELONY";

• under the heading "Punished Assessed by" that reads "Jury," we MODIFY the language to read "Court";

• under the heading "Punishment and Place of Confinement" that reads "State Jail Division" we MODIFY the language to read "Institutional Division";

• next to the entry of Sentence of Confinement Suspended, we MODIFY the language to read "Three (3) years" and note that checkbox should be checked.

## CONCLUSION

Having reviewed the record, we conclude that the evidence was legally sufficient to convict Allen of knowing possession of Penalty Group 1 drugs under one gram. However, we hold that the trial court erred by ordering Allen to pay court-appointed attorney's fees and modify the trial

court's judgment to delete the order that Allen pay $2,600 for court-appointed attorney's fees. As modified and reformed, we affirm the judgment of conviction.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH