

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-22-00420-CR, 04-22-00421-CR

Aaron **POUCH**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Kerr County, Texas
Trial Court Nos. B19-843-1, B19-622-1
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Lori Massey Brissette, Justice

Sitting:         Luz Elena D. Chapa, Justice
                 Irene Rios, Justice
                 Lori Massey Brissette, Justice

Delivered and Filed: December 18, 2024

JUDGMENTS REFORMED; AFFIRMED AS REFORMED

In his amended briefs, appellant Aaron Pouch argues the trial court (1) failed to conduct an ability-to-pay inquiry on the record, (2) improperly ordered him to pay attorney's fees, and (3) signed invalid nunc pro tunc judgments. He asks us to remand the causes for an inquiry on the record as to his ability to pay fees and costs. We agree the putative nunc pro tunc judgments are void, but Pouch failed to preserve his ability-to-pay inquiry complaint. Accordingly, we reform the judgments to delete the attorney's fees, and we affirm the judgments as reformed.

## BACKGROUND

### Indictments, Pleas, Deferrals

In 2019, Pouch was indicted for possession of methamphetamine (1-4 grams) with intent to deliver and possession of methamphetamine (4-200 grams) with intent to deliver. Each indictment alleged two prior conviction enhancements. In 2021, he pled guilty to the indictments and true to the enhancements. The trial court deferred adjudication and sentenced him to ten years of community supervision.

### Judgments Adjudicating Guilt

Later, the State alleged that Pouch had violated multiple conditions of his community supervision, and it moved to adjudicate the charges. Pouch pled true to the State's allegations. The trial court adjudicated Pouch's guilt on both felony charges. For each, it assessed punishment at confinement in the Texas Department of Criminal Justice—Institutional Division for a period of fifty years, with the sentences to run concurrently.

### Costs, Fees Imposed

The trial court's judgments in B19-843 and B19-622 order Pouch to pay court costs of $60 and reimbursement fees of ($4,105 + $200) and ($4,785 + $400), respectively. Each judgment recites that the trial court inquired into Pouch's ability to pay fees and costs, and each found that Pouch "cannot immediately pay all or part of the fine and costs." When he is released, Pouch must report to the District Clerk's office "to pay or to make arrangements to pay any fines, court costs, reimbursement fees, and restitution due."

### *Anders* Briefs, Remands

Pouch appealed. Court-appointed counsel Kurtis S. Rudkin filed *Anders* briefs and motions to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436

S.W.3d 313, 319–20 (Tex. Crim. App. 2014). In each, he concluded there were "no meritorious issues [that] warrant[] reversal of the complained of judgment and sentence." *See Kelly*, 436 S.W.3d at 319; *Nichols v. State*, 954 S.W.2d 83, 85 (Tex. App.—San Antonio 1997, no pet.). Pouch filed a pro se brief, the State filed a response, and Pouch filed a reply.

As required, we conducted an independent review of the records and concluded there was an arguable ground of appeal for each at that time. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *see also Anders*, 386 U.S. at 744. Specifically, this court had not yet decided whether the trial court's failure to inquire on the record about a defendant's ability to pay fees and costs was reversible error. We granted the original appellate counsel's motions to withdraw, abated these appeals, remanded the causes for the trial court to appoint new appellate counsel, and ordered new briefing.

**Amended Briefs**

In his amended brief, Pouch argues that the trial court's failure to inquire on the record about his ability to pay fees and court costs was harmful error, the trial court erred in ordering him to pay attorney's fees, and the trial court's nunc pro tunc judgments are void. He asks that we remand the causes for an inquiry on the record regarding Pouch's ability to pay fees and costs.

The State questions Pouch's position that the nunc pro tunc judgments are void when they afford him the relief he is seeking. It argues that we should "validate" the nunc pro tunc judgments—which eliminated court costs and reimbursement fees.

NUNC PRO TUNC JUDGMENTS

**Additional Background**

On May 23, 2024, after we remanded the causes to the trial court, it rendered a new judgment in each case marked "NUNC PRO TUNC Judgment Adjudicating Guilt." The trial court

did not change the period of confinement, but it changed the amount of court costs and reimbursement fees to $0.00, and it changed its "determinat[ion] that payment of all fines and costs by Defendant shall be . . . [w]aived in full (not including restitution)."

## Nunc Pro Tunc Limitations

If no timely postjudgment motion is filed, a trial court loses plenary power over its judgment after thirty days. *State v. Brent*, 634 S.W.3d 911, 913 (Tex. Crim. App. 2021); *Rubio v. State*, 638 S.W.3d 693, 703 (Tex. Crim. App. 2022). After its plenary power expires, a trial court can correct a clerical error in the judgment by issuing a nunc pro tunc judgment. *Williams v. State*, 603 S.W.3d 439, 442–43 (Tex. Crim. App. 2020); *Collins v. State*, 240 S.W.3d 925, 928 (Tex. Crim. App. 2007) ("A judgment nunc pro tunc is the appropriate avenue to make a correction when the court's records do not mirror the judgment that was actually rendered."). But "*nunc pro tunc* judgments may not be used by a court to change the record to reflect what the court believes should have occurred in the original proceeding." *Blanton v. State*, 369 S.W.3d 894, 898 (Tex. Crim. App. 2012); *accord Collins*, 240 S.W.3d at 928.

## Original Judgments

When Pouch pled guilty, the trial court deferred adjudication, but it ordered Pouch to pay $365 in court costs and $180 in restitution in each case, and it assessed $3,700 in reimbursement fees in cause B19-843 and a $5,000 fine in B19-622. When it adjudicated his guilt, its June 24, 2022 judgments ordered court costs of $60. For cause B19-843, it ordered reimbursement fees of $4,305, and in cause B19-622, it ordered reimbursement fees of $5,185.

## Nunc Pro Tunc Judgments

The trial court's May 23, 2024 nunc pro tunc judgments changed the court costs and reimbursement fees to $0.00 and changed its "determinat[ion] that payment of all fines and costs

by Defendant shall be . . . [w]aived in full (not including restitution)." Nothing in the records shows that on June 24, 2022, the trial court intended to order no court costs or reimbursement fees. Therefore, its changes to court costs, reimbursement fees, and payment plan requirements in the nunc pro tunc judgments were not merely clerical error corrections. They were impermissible attempts "to change the record to reflect what the court [now] believes should have occurred in the original proceeding." *See Blanton*, 369 S.W.3d at 898; *Collins*, 240 S.W.3d at 928.

**Nunc Pro Tunc Judgments Void**

Pouch did not file any postjudgment motions that extended the trial court's plenary power over its June 24, 2022 judgments. *See* TEX. R. APP. P. 21.2 (motion for new trial), 22.1 (motion in arrest of judgment); *Ex parte Matthews*, 452 S.W.3d 8, 11 (Tex. App.—San Antonio 2014, no pet.). Thus, the trial court's plenary power over its judgments expired no later than July 25, 2022. *See Brent*, 634 S.W.3d at 913; *Rubio*, 638 S.W.3d at 703.

Because the trial court had lost plenary power over its June 24, 2022 judgments, and its nunc pro tunc judgments are not merely corrections of clerical errors, its May 23, 2024 nunc pro tunc judgments are void. *See Blanton*, 369 S.W.3d at 898; *Collins*, 240 S.W.3d at 928. Accordingly, we turn now to Pouch's complaints about the June 24, 2022 judgments.

## NO ABILITY-TO-PAY INQUIRY ON THE RECORD

In his first issue, Pouch asks us to remand his causes to the trial court for an inquiry on the record regarding his ability to pay. He insists that the recitations in the trial court's judgments that it "conducted an inquiry into [his] ability to pay" do not meet article 42.15(a-1)'s requirements.

Article 42.15(a-1) requires the trial court, at the time of sentencing, to hold a hearing on the record regarding the defendant's ability to pay any fine and costs:

> Notwithstanding any other provision of this article, during or immediately after imposing a sentence in a case in which the defendant entered a plea in open court

as provided by Article 27.13, 27.14(a), or 27.16(a), a court shall inquire *on the record* whether the defendant has sufficient resources or income to immediately pay all or part of the fine and costs.

Tex. Code Crim. Proc. Ann. art. 42.15(a-1) (emphasis added) (effective Sept. 1, 2021).

**No Timely Objection**

Although each judgment includes a recital memorializing the trial court inquired about Pouch's ability to pay, it did not inquire on the record. *Contra* Tex. Code Crim. Proc. Ann. art. 42.15(a-1); *Almeida v. State*, No. 04-22-00669-CR, 2024 WL 172588, at *1 (Tex. App.—San Antonio Jan. 17, 2024, no pet.). But the State asserts that Pouch waived his complaint by not timely objecting to the absence of an ability-to-pay inquiry on the record. *See* Tex. Code Crim. Proc. Ann. art. 42.15(a-1); Tex. R. App. P. 33.1(a) (error preservation).

The Court of Criminal Appeals recently held that an ability-to-pay inquiry is a forfeitable right. *Cruz v. State*, No. 0628-23, 2024 WL 4031525, at *1 (Tex. Crim. App. Sept. 4, 2024). *Cruz* reasoned that "because the [Article 42.15(a-1)] inquiry is not fundamental to the functioning of our adjudicatory system," if the trial court does not conduct an ability-to-pay inquiry on the record, the defendant must timely object to preserve a complaint for appellate review. *Id.*; *see* Tex. R. App. P. 33.1(a)(1); *Proenza v. State*, 541 S.W.3d 786, 797 (Tex. Crim. App. 2017) (noting that "the responsibility of asserting forfeitable rights belongs to the litigants . . . not the trial judge [and] such rights will be unavailable on appeal if not urged at trial").

The trial court erred by not conducting an ability-to-pay inquiry on the record. But because Pouch's right to an ability-to-pay inquiry on the record is forfeitable, and he failed to timely object, he did not preserve his complaint for appellate review. *See Cruz*, 2024 WL 4031525, at *1; *Proenza*, 541 S.W.3d at 797. Accordingly, we overrule Pouch's first issue.

**ATTORNEY'S FEES**

In his second issue, Pouch challenges the sufficiency of the evidence supporting the court-ordered reimbursement fees. He argues the trial court erred in ordering the reimbursement fees because he was indigent and his financial circumstances had not changed. We agree.

**Authority to Assess Attorney's Fees**

A trial court may "order a defendant to re-pay costs of court-appointed legal counsel that the court finds the defendant is able to pay." *Cates v. State*, 402 S.W.3d 250, 251 (Tex. Crim. App. 2013) (citing TEX. CODE CRIM. PROC. ANN. art. 26.05(g)); *accord Dieken v. State*, 432 S.W.3d 444, 446–47 (Tex. App.—San Antonio 2014, no pet.). But there is an exception: "A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p); *accord Cates*, 402 S.W.3d at 251; *Dieken*, 432 S.W.3d at 446.

**Appellate Review**

If an appellant challenges the sufficiency of the evidence supporting the ordered fees, "[w]e review the record to determine whether the trial court could have reasonably determined the appellant's financial circumstances experienced a material change and the appellant was able to pay the court-appointed attorney's fees." *Dieken*, 432 S.W.3d at 447. We review "the record evidence in the light most favorable to the [judgment]." *Mayer v. State*, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010); *accord Dieken*, 432 S.W.3d at 447.

**Insufficient Evidence**

Pouch was in custody on February 14, 2022. On February 22, 2022, Pouch filed affidavits of indigence in each case. Three days later, the trial court found him indigent and appointed

counsel to represent him. After it adjudicated his guilt, the trial court's June 24, 2022 judgments ordered Pouch to pay reimbursement fees. The judgments recite that the trial court "conducted an inquiry into [Pouch's] ability to pay" the reimbursement fees, but the trial court made no express findings about any material change in Pouch's financial circumstances.

Pouch remained incarcerated from the time the trial court found him indigent until it rendered its June 24, 2022 judgments, and there is no evidence of any material change in Pouch's financial circumstances to overcome the presumption that he remained indigent. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (presumption of indigence); *Cates*, 402 S.W.3d at 251.

Viewing the evidence in the light most favorable to the judgment, we nevertheless conclude "there was no factual basis in the record to support a determination that [Pouch] could pay the [reimbursement] fees." *See Cates*, 402 S.W.3d at 252. We sustain Pouch's second issue.

## CONCLUSION

Because the trial court's putative nunc pro tunc judgments are void, its June 24, 2022 judgments are its final judgments. When the trial court sentenced Pouch, it did not conduct an ability-to-pay inquiry on the record. Because Pouch failed to object, his complaint was waived. But there is no evidence of a material change in Pouch's financial circumstances to overcome the presumption of his continued indigence, and the trial court erred in ordering him to pay for his court-appointed attorney's fees. Accordingly, we reform the judgments to delete the reimbursement fees, and we affirm the judgments as reformed.

Lori Massey Brissette, Justice

DO NOT PUBLISH