# NO. 12-20-00038-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ASHLEY RENNE OLIVER,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ashley Renne Oliver appeals her conviction for theft in an amount of $2,500.00 or more but less than $30,000.00. In one issue, Appellant argues that the bill of costs erroneously assesses "attorney's fees" against her and must be deleted. We affirm.

## BACKGROUND

Appellant was charged by indictment with theft by unlawfully appropriating, acquiring or otherwise exercising control over property, i.e., a brown Ford Explorer, in an amount of $2,500.00 or more but less than $30,000.00, without the effective consent of the owner and with the intent to deprive the owner of the property, a state jail felony.[1] Appellant pleaded "guilty" to the charged offense. Appellant and her counsel signed various documents in connection with her guilty plea, including an agreed punishment recommendation and a stipulation of evidence in which Appellant stipulated, and judicially confessed, that each and every allegation contained in the indictment was true and correct and constituted the evidence in the case. At the hearing, Appellant pleaded "guilty" to the charged offense. The trial court accepted Appellant's plea, found the evidence sufficient to substantiate Appellant's guilty plea, deferred further proceedings without entering an adjudication of guilt, and ordered that Appellant be placed on deferred

---

[1] TEX. PENAL CODE ANN. § 31.03 (a), (b)(1), (e)(4)(A) (West 2019).

adjudication community supervision for three years.

Later, the State filed a first amended motion to adjudicate guilt, alleging that Appellant violated the terms of her community supervision, including failing to (1) report as directed by her supervision officer in Gregg County; (2) report as directed by her supervision officer in Smith County; (3) notify her supervision officer of her change of address; (4) satisfactorily perform community service; (5) pay a $60.00 per month supervision fee; and (6) pay restitution. At the hearing on the State's first amended motion to adjudicate guilt, Appellant pleaded "true" to all the violations alleged against her that were not abandoned by the State.[2]

After the hearing, the trial court found all the allegations contained in the remaining paragraphs of the State's first amended motion to adjudicate guilt to be "true," granted the State's motion, revoked Appellant's community supervision, adjudged Appellant guilty of theft in an amount of $2,500.00 or more but less than $30,000.00, and assessed her punishment at confinement in a state jail facility for twenty-three months.[3] This proceeding followed.

## ATTORNEY'S FEES

In her sole issue on appeal, Appellant argues that the bill of costs erroneously assesses "attorney's fees" against her and must be deleted.

### Standard of Review and Applicable Law

We review the assessment of court costs on appeal to determine if there is a basis for the cost, not to determine if there was sufficient evidence offered at trial to prove each cost, and traditional *Jackson v. Virginia*, 443 U.S. 307, 316, 99 S. Ct. 2781, 2787, 61 L. Ed. 2d 560 (1979), evidentiary-sufficiency principles do not apply. *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014). "A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction." *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding, such as evidentiary sufficiency, only in appeals taken when deferred adjudication

---

[2] The State abandoned three paragraphs of its first amended motion to adjudicate guilt, including failing to pay all court costs, including any appointed counsel fees, pay a fee to the Smith County Community Supervision and Corrections Department, and send completed, dated, and signed mail-in reports to the Smith County supervision officer.

[3] An individual adjudged guilty of a state jail felony shall be punished by confinement in a state jail for any term of not more than two years or less than one hundred and eighty days, and a fine not to exceed $10,000.00. TEX. PENAL CODE ANN. § 12.35 (West 2019).

community supervision is first imposed. **Manuel v. State**, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999). A defendant, whose community supervision has been revoked, forfeits his challenge to the court-appointed attorney's fees as court costs by failing to bring such a claim in a direct appeal from the order originally imposing community supervision. **Wiley v. State**, 410 S.W.3d 313, 318 (Tex. Crim. App. 2013).

Article 26.05(g) of the Texas Code of Criminal Procedure provides the trial court with discretionary authority to order reimbursement of appointed attorney's fees when the defendant has financial resources that enable her to offset in part or in whole the costs of the legal services provided. TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2020). Furthermore, not only must the trial court make a determination regarding the defendant's ability to pay, the record must reflect some factual basis to support that determination. **Barrera v. State**, 291 S.W.3d 515, 518 (Tex. App.—Amarillo 2009, no pet.); **Perez v. State**, 280 S.W.3d 886, 887 (Tex. App.—Amarillo 2009, no pet.). A defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2020); *see* **Fulmer v. State**, 401 S.W.3d 305, 318-19 (Tex. App.—San Antonio 2013, pet. ref'd) (holding trial court erred in ordering indigent criminal defendant pay court appointed attorney's fees when no evidence of a material change in his financial circumstances).

**Analysis**

Here, the bill of costs includes $300.00 in "attorney[']s fees." The record reflects that the trial court determined that Appellant was too poor to employ counsel to represent her and appointed counsel to represent her in connection with the original charges against her, the State's motion to revoke, and appeal. Based on the record, there was no evidence to show that Appellant's finances had undergone a "material change" or that Appellant had the financial resources to pay the assessed attorney's fees. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p); **Mayer v. State**, 309 S.W.3d 552, 557 (Tex. Crim. App. 2010).

However, similar to **Perez v. State**, 424 S.W.3d 81 (Tex. Crim. App. 2014), Appellant failed to file a notice of appeal within thirty days of being placed on deferred adjudication community supervision. *See id.* at 85. She also specifically waived her right to appeal when she was placed on deferred adjudication community supervision by signing a document entitled "Waiver of Motion for New Trial and Motion in Arrest of Judgment and Waiver of Right to

Appeal." *See id.* Appellant signed an acknowledgment of receipt of a copy of the trial court's certification of her right to appeal, which denoted that this "is a plea-bargain case, and the defendant has no right to appeal." *See id.* These documents were all signed on October 10, 2016, the same date that the Order of Deferred Adjudication was signed and entered. *See id.* That Order included the challenged assessment of attorney's fees as later delineated in the Bill of Costs, or $300.00.[4] Thus, Appellant, at the time of the original Order, could have appealed the imposition of these fees. *See id.* at 86. Any and all complaints about the imposition of attorney's fees could, and should, have been made in a timely appeal of the Order. *See id.* However, Appellant did not appeal these fees after the Order and, thus, waived her right to appeal the imposition of those attorney's fees. *See id.* at 85-86.

We note that this procedural default is premised on an appellant's knowledge of, and failure to challenge, an issue. *See Riles v. State*, 452 S.W.3d 333, 337 (Tex. Crim. App. 2015). The record in this case reflects that Appellant acknowledged the obligation to pay attorney's fees. In the conditions of community supervision, which she signed on the date of the Order, she was obligated to "[p]ay all court cost[s], including any appointed counsel fee" at the rate of $20.00 each month beginning November 2016. It does not seem to be disputed that the Bill of Costs was not attached to the Order and, according to *Riles*, Appellant should have taken "pause" at that. *See id.* With her signature on the conditions of community supervision, Appellant expressly acknowledged having read and understood the stipulations of her deferred adjudication community supervision. *See id.*

Further, the reimbursement of attorney's fees was not imposed upon Appellant only as a condition of deferred adjudication community supervision. Pursuant to Article 26.05(g) of the Code of Criminal Procedure, the Order independently imposed an obligation to repay attorney's fees as "court costs." That one of the conditions of her deferred adjudication community supervision also made the fulfillment of that obligation necessary if the Appellant wanted to maintain her status as a probationer does not mean that she was not otherwise obligated to do it. *See Wiley*, 410 S.W.3d at 320. Because the obligation to pay attorney's fees was already imposed by the Order as court costs, we treat the obligation to pay attorney's fees for purposes of an appeal as we would treat any other judgment obligation for purposes of an evidentiary sufficiency claim. *See id.* Thus, this necessarily means that Appellant could have readily raised

---

[4] The total amount of court costs in the Bill of Costs and the Order was $589.00.

this sufficiency claim in a direct appeal from the Order imposing deferred adjudication community supervision.  *See id.*

Because Appellant failed to appeal the imposition of attorney's fees after the Order of Deferred Adjudication, she waived her right to appeal the imposition of those attorney's fees after the Judgement Adjudicating Guilt.[5]  *See **Perez***, 424 S.W.3d at 85-86.  We overrule her sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**GREG NEELEY**
Justice

Opinion delivered October 6, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[5] We note that although the court costs totaled $589.00 at the time of the Order, the Judgment stated that the sum total of court costs was $129.00.  Further, the Order to Withdraw Funds filed on the date of the Judgment stated that the amount of court costs, fees, fines and/or restitution totaled $2,079.00.  This amount included $129.00 in court costs, as the amount of restitution was $1,950.00. However, we note that the Bill of Costs, filed six days after the Judgment, still included a $300.00 sum to be paid in attorney's fees, although it, too, acknowledged $129.00 in other court costs.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 6, 2021**

**NO. 12-20-00038-CR**

**ASHLEY RENNE OLIVER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0972-16)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*